## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ONH AFC CS INVESTORS LLC, *et al.*,[1] | Case No. 23-10931 (CTG) |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE SCOPE AND FORM OF NOTICE WITH RESPECT TO INVESTORS, (II) APPROVING OPT-IN PROCEDURE FOR ADDITIONAL NOTICE, AND (III) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession, ONH AFC CS Investors LLC and ONH 1601 CS Investors LLC (the "Debtors"), by and through the undersigned proposed co-counsel, hereby file this motion (the "Motion") seeking entry of an order granting the relief described below. In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2]

---

[1] The last four digits of the Debtors' federal tax identification numbers are 1199 (ONH AFC CS Investors LLC) and 6326 (ONH 1601 CS Investors LLC). The Debtors' mailing address is 3445 Peachtree Road, Suite 1225 Atlanta, GA 30326.

[2] Pursuant to Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") 9013-1(f), the Debtor hereby confirms its consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.     The predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2002-1.

3.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.     On July 14, 2023 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 bankruptcy of the Bankruptcy Code (the "Chapter 11 Case") and elected to proceed under subchapter V.

5.     The Debtors are authorized to continue to operate their businesses and manage their assets as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. As of the date of this Motion, no trustee, examiner or statutory committee has been appointed in these Chapter 11 Cases.

6.     The Debtors are Delaware limited liability companies formed last year to invest in commercial real estate in Atlanta, Georgia and Miami Beach, Florida. A detailed description of the facts and circumstances surrounding these Chapter 11 Cases is described in more detail in the *Declaration of Eric Lee in Support of Chapter 11 Petitions and First Day Motions* [D.I. 2] (the "First Day Declaration"), which is being filed simultaneously with this Motion and is incorporated herein by reference.

7.     As detailed in the First Day Declaration, there are approximately 821 investors related to the Atlanta Financial Center and Lincoln Place projects (the "Investors"). The Investors used the CrowdStreet Marketplace to make their investments.[3] The CrowdStreet Marketplace also served as a communications platform for the Investors to receive information related to the Debtors

---

[3] Capitalized terms not defined herein shall have the meanings ascribed to them in the First Day Declaration.

{1402.001-W0071666.}                              2

and the projects. The Debtors' Operating Agreements also provide that notices to the Investors may be provided via email.

## RELIEF REQUESTED

8. By this Motion, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (i) approving the scope and form of service of all notices, motions, or applications with respect to the Investors; and (ii) approving the Opt-In Procedure (defined below) by which the Investors can elect to receive additional notice.

9. Specifically, the Debtors request the Court approve electronic noticing via email to the Investors of all notices, motions, or applications in these Chapter 11 Cases, including any chapter 11 plan proposed by the Debtors. The Debtors would mail a paper copy of the Notice of Commencement and the Notice of Opt-In (defined below) for additional service to the Investors via first class mail, but all other motions, notices, and applications would be served via email.

10. The Debtors propose the following procedures to provide notice to Investors of the opportunity to elect to receive hard copy notices in these Chapter 11 Cases (the "Opt-In Procedure"). The Debtors will serve a hard copy of the Notice of Opt-In Procedure for Obtaining Additional Notice in the ONH AFC and ONH 1601 Bankruptcy Cases (the "Opt-In Notice"). The proposed Opt-In Notice is attached to the Proposed Order as **Exhibit 1**. As described in the Opt-In Notice, any Investor who wishes to receive hard copy notice in these Chapter 11 Cases in addition to electronic service must complete the form located at https://dm.epiq11.com/ONHInvestors. After completing the Opt-In Form, the Investor will receive hard copy notices of all future matters in these Chapter 11 Cases. Investors who do not complete the Opt-In Form will receive only electronic notice.

11. These notice procedures are necessary and appropriate because the Investors already receive communications regarding the Debtors through an electronic platform. Because the Debtors have limited financial resources and a track record of communicating via an electronic platform, requiring hard copy notice and service to the Investors would substantially increase the cost and administrative burden to the Debtors and their estates and diminish the assets ultimately available for distribution to Investors. The Debtors submit that these notice procedures will avoid unnecessary administrative costs while simultaneously assuring that the Investors receive proper and sufficient notice of all matters that may materially impact their interests.

## **BASIS FOR RELIEF**

12. Although the Bankruptcy Rules generally require notices to be served on creditors at their addresses, they give significant latitude to bankruptcy courts for modifying the general rule. *See* Fed. R. Bankr. P. 2002(m); Fed. R. Bankr. P. 9007. In addition, Bankruptcy Rules 4001, 6004, 6006, 9006, 9007, 9013, 9014, and 9019 each allow the Court to determine those parties to whom the Debtors must provide notice of various matters. Accordingly, it is well within the Court's authority to regulate notices and approve notice procedures.

13. In this case, given the large number of Investors and that the Investors already receive communications regarding the Debtors via an electronic platform, it would be impractical and would impose a large administrative and economic burden upon these bankruptcy estates if the Debtors were required to mail notices to the Investors. The Debtors contend that limiting notice to electronic notice only, with the Opt-In Procedure, will not prejudice the Investors because they will receive notice electronically as they are accustomed to related to the Debtors. Not only is this likely the most efficient manner by which service of the Investors can be completed, it is also the most likely to facilitate Investor responses because the Investors currently receive notices

regarding the Debtors electronically. Additionally, the Investors may access all filings in these Chapter 11 Cases for free on the Debtors' publicly accessible case website at https://dm.epiq11.com/ONHInvestors.

14. Courts in this District have granted similar relief to that requested herein in other chapter 11 cases. *See*, *e.g.*, *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del. Jan. 9, 2023) (authorizing debtors to serve certain parties by email); *In re Cred Inc.*, Case No. 20-12836 (JTD) (Bankr. D. Del. Nov. 10, 2020) (authorizing debtor to serve creditors via e-mail); *In re Pernix Sleep, Inc.*, Case No. 19-10323 (CSS) (Bankr. D. Del. Apr. 11, 2019) (modifying and limiting the service requirements under Bankruptcy Rule 2002(d)); *In re Ciber, Inc.*, Case No. 17-10772 (BLS) (Bankr. D. Del. Apr. 28, 2017) (same); *In re Molycorp, Inc.*, Case No. 15-11357 (CSS) (Bankr. D. Del. June 26, 2015) (same).

15. The Debtors submit that the proposed notice procedures are reasonable and appropriate in this case.

## RESERVATION OF RIGHTS

16. Nothing in this Motion is intended or should be construed as (a) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law, (b) a promise to pay any claim or other obligation, (c) granting third-party beneficiary status or bestowing any additional rights on any third-party, (d) being otherwise enforceable by any third-party.

## NOTICE

17. Notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel, if known:: (a) the Office of the United States Trustee for the District of Delaware; (b) the Investors; (c) those parties identified on the Debtors' consolidated list of largest unsecured creditors(d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

18. The Debtors have not made any prior request to this or to any other court for the relief sought herein.

WHEREFORE, the Debtors respectfully request entry of Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

*[Remainder of page intentionally left blank]*

Dated: July 14, 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ *Matthew R. Pierce*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email:  landis@lrclaw.com
    mcguire@lrclaw.com
    pierce@lrclaw.com

- and -

**BAKER & HOSTETLER LLP**

Jorian L. Rose (*pro hac vice pending*)
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Email: jrose@bakerlaw.com

Andrew V. Layden (*pro hac vice pending*)
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801-3432
Telephone: (407) 649-4000
Facsimile: (407) 841-0168
Email: alayden@bakerlaw.com

*Proposed Counsel for the Debtors and Debtors in Possession*