**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ONH AFC CS INVESTORS LLC, *et al.*,[1] | Case No. 23-10931 (CTG) |
| Debtors. | (Joint Administration Requested) |
| | Hearing Date: July 21, 2023 at 9:00 a.m. (ET) (Requested)<br>Obj. Deadline: At the hearing (Requested) |

**MOTION OF DEBTORS FOR TURNOVER
OF BOOKS AND RECORDS**

ONH AFC CS Investors LLC ("ONH AFC") and its debtor affiliate, ONH 1601 CS Investors LLC ("ONH 1601", together with ONH AFC, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a), 541, and 542(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), directing Mr. Elchonon "Elie" Schwartz ("Mr. Schwartz"), Nightingale Properties LLC ("Nightingale"), and/or their affiliates to turnover any and all prepetition books and records of the Debtors (the "Books and Records"). In support of the Motion, the Debtors rely upon the *Declaration of Ms. Anna Phillips in Support of Motion of Debtors for Turnover of Books and Records* (the "Phillips Declaration") submitted contemporaneously herewith and respectfully submit as follows:

**BACKGROUND**

1. On July 14, 2023 (the "Petition Date"), the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief

---

[1] The last four digits of the Debtors' federal tax identification numbers are 1199 (ONH AFC CS Investors LLC) and 6326 (ONH 1601 CS Investors LLC). The Debtors' mailing address is 3445 Peachtree Road, Suite 1225 Atlanta, GA 30326.

4857-5949-6560.3

under the Bankruptcy Code. The Debtors continue to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") has been requested. [D.I. 3].

2.  Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of Eric Lee in Support of Chapter 11 Petitions and First Day Motions* [D.I. 2] (the "First Day Declaration").

## FACTS SPECIFIC TO THE RELIEF REQUESTED

3.  Ms. Phillips, as the newly appointed Independent Manger, requires some of the basic corporate information regarding the Debtors from its former manager and principal, Mr. Schwartz. The Debtors' books and records are vital to the operations of the Debtors and these chapter 11 cases.

4.  The Debtors are also continuing their investigation into the Debtors' prepetition transactions and the disposition of funds that were intended for investments in the Atlanta Financial Center and Lincoln Place. For that reason as well, the Debtors require the prepetition Books and Records that, upon information and belief, Mr. Schwartz, Nightingale Properties LLC ("Nightingale"), and/or their affiliates have and are withholding from the Debtors. In order to ascertain the ultimate beneficiaries of the funds raised, the investment amounts, refunded amounts, and any other potential creditor claims, the Debtors require these Books and Records.

5.  The Debtors have made oral requests from Mr. Schwartz's counsel for the Books and Records to be turned over by Mr. Schwartz. In addition, the Debtors counsel has made the same request via email upon Mr. Schwartz' counsel. As of the filing of this Motion, the Debtors and their counsel have not received this information.

-3-

## JURISDICTION

6. The United States Bankruptcy Court for the District of Delaware has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2]

7. The statutory basis for the relief sought herein is Bankruptcy Code sections 105(a), 541 and 542(a).

## RELIEF REQUESTED

8. Pursuant to Bankruptcy Code sections 105(a), 541, and 542(a), the Debtors respectfully request entry of an order, substantially in the form of the Order, directing Mr. Schwartz to turnover any and all Books and Records of the Debtors.

## BASIS FOR RELIEF REQUESTED

9. The Debtors seek an order from the Court directing Mr. Schwartz, Nightingale, and/or their affiliates to turn over any and all Books and Records of the Debtors, which are property of the Debtors' estates pursuant to Bankruptcy Code Section 541(a)(1). There is no dispute that the Books and Records are property of the Debtors. However, despite requested requests pre-petition, Mr. Schwartz to date has not transferred the Books and Records to the Debtors. To facilitate the transfer, the Debtors are filing this Motion and requesting entry of the Order.

---

[2] Pursuant to Local Rule 9013-1(f), the Debtors confirm their consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

10. Section 542(a) of the Bankruptcy Code mandates that "[a]n entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

11. The Books and Records held by Mr. Schwartz, Nightingale, and/or their affiliates, are property of the Debtors' estates pursuant to Section 541(a)(1) of the Bankruptcy Code, which defines "property of the estate" to include, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case . . . wherever located and by whomever held." 11 U.S.C. § 541(a).

12. "Congress intended that property of the estate be broadly inclusive of all interests that the debtor has under state law." *In re Barksdale*, 281 B.R. 548, 551 (Bankr. D.N.J. 2002). "[T]he Bankruptcy Code 'is not concerned with the 'technicalities of title' when it comes to determining property of the estate.'" *In re NJ Affordable Homes Corp.*, 2006 WL 2128624, at *8 (Bankr. D.N.J. June 29, 2006). Instead, property belongs to the estate where the debtor controls the property or otherwise indicates its "legal or equitable interests" in the property. *E.g.*, *In re Schwartz*, 2014 WL 2621114, at *5 (Bankr. D.N.J. June 12, 2014) (holding that bank account not in debtor's name was nevertheless property of the estate where debtor funded account, showed "ownership, control, and interest" in account, and money "functionally belonged" to debtor).

13. The relief requested is also authorized under the Court's equitable powers codified in section 105(a) of the Bankruptcy Code. Pursuant to that section, this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a); *see also United States* v. *Energy Res. Co.*, 495 U.S. 545,

-4-
4857-5949-6560.3

549 (1990); *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code."). "The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 COLLIER ON BANKRUPTCY ¶ 105.01 (Alan R. Resnick & Henry J. Sommer eds., 16th ed. 2022). In order for the Debtors to provide the information necessary to effectuate a successful reorganization, the Debtors require the Books and Records.

## NOTICE

14. Notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) those parties identified on the Debtors' consolidated list of largest unsecured creditors ; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) any party that has requested notice pursuant to Bankruptcy Rule 2002; (g) Mr. Schwartz; and (h) Nightingale. In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

15. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

## CONCLUSION

16. WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, and (b) grant such other and further relief as is deemed just and proper.

4857-5949-6560.3

| | |
|---|---|
| Dated: July 14, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Matthew B. McGuire*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>Email: landis@lrclaw.com<br>         mcguire@lrclaw.com<br>         pierce@lrclaw.com<br><br>- and -<br><br>**BAKER & HOSTETLER LLP**<br><br>Jorian L. Rose (*pro hac vice pending*)<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>Email: jrose@bakerlaw.com<br><br>Andrew V. Layden (*pro hac vice pending*)<br>SunTrust Center, Suite 2300<br>200 South Orange Avenue<br>Orlando, FL 32801-3432<br>Telephone: (407) 649-4000<br>Facsimile: (407) 841-0168<br>Email: alayden@bakerlaw.com<br><br>*Proposed Counsel for the Debtors and Debtors in Possession* |