**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ONH AFC CS INVESTORS LLC, *et al.*,[1] | Case No. 23-10931 (CTG) |
| Debtors. | (Jointly Administered) |

**SCHEDULES OF ASSETS AND LIABILITIES**
**AND STATEMENTS OF FINANCIAL AFFAIRS**

**GLOBAL NOTES**

These Global Notes and Disclaimers (the "Global Notes") regarding the Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and together with Schedules, the "Schedules and Statements") for ONH AFC CS Investors LLC ("ONH AFC") and ONH 1601 CS Investors LLC ("ONH 1601"), together with ONH AFC, the "Debtors") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

1.  ***Description of Case***.  On July 14, 2023 (the "Petition Date"), the Debtors filed voluntary petitions with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under chapter 11 of title 11, United States Code 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code") and elected to proceed under subchapter V (the "Chapter 11 Cases").  The Chapter 11 Cases are jointly administered under the case captioned ONH AFC CS INVESTORS LLC, *et al.*, Case No. 23-10931 (CTG), and an order for relief was entered by the Bankruptcy Court.  The Debtors are currently operating their businesses and managing their properties as debtors-in-possession under the Bankruptcy Code.

    On the Petition Date, the Debtors filed the *Declaration of Eric Lee in Support of Chapter 11 Petition and First Day Motions* [D.I. 2] (the "First Day Declaration"),[2] which provides information regarding the circumstances leading to the commencement of the Chapter 11 Cases and the Debtors' businesses and capital structure.  As discussed in the First Day Declaration, on June 7, 2023, One Night Holdings, LLC resigned as the Debtors' manager

---

[1]  The last four digits of the Debtors' federal tax identification numbers are 1199 (ONH  AFC  CS  Investors  LLC) and 6326 (ONH 1601 CS Investors LLC). The Debtors' mailing address is 3445 Peachtree Road, Suite 1225 Atlanta, GA 30326.

[2]  Except where otherwise indicated, capitalized terms used but not defined in these Global Notes have the meanings ascribed to them in the First Day Declaration.

and the interest holders of the Debtors appointed Ms. Anna Phillips as the sole and independent manager of ONH AFC and ONH 1601 (the "Independent Manager").

Shortly after being appointed, the Independent Manager retained counsel and the Debtors appointed Mr. Eric Lee as Chief Restructuring Officer (the "CRO"). None of the foregoing had prior knowledge of the Debtors' businesses or transactions prior to their appointment or retention. As detailed in the First Day Declaration and the *Motion of Debtors for Turnover of Books and Records* [D.I. 9], the circumstances leading up to these Chapter 11 Cases have impacted the Debtors' ability to access information about their businesses and the prepetition books and records of the Debtors (the "Books and Records").

2.      ***General Reservation of Rights***. The Debtors prepared the Schedules and Statements with the assistance of their advisors. The Schedules and Statements are unaudited and subject to potential adjustment, revisions and/or amendments, which may be material. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their Books and Records that was available and accessible at the time of preparation. The Debtors cannot confirm that the information provided is complete and accurate, although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information. Subsequent information or discovery of additional information may result in material changes in financial and other data contained in the Schedules and Statements and inadvertent or unintentional errors, omissions or inaccuracies may exist. The Schedules and Statements are unaudited and remain subject to further review and adjustment to reflect the Debtors' ongoing investigation and reconciliation efforts. To the extent the Debtors discover a material error or omission or become aware of additional information that may suggest a material difference, the Debtors will amend the applicable Schedules or Statements to reflect such changes. Accordingly, the Debtors, the Independent Manger, the CRO and the Debtors' professionals and advisors do not make any representations or warranties as to the completeness or accuracy of the information set forth herein and reserve all rights to amend the Schedules or Statements as may be necessary or appropriate.

3.      ***Basis of Presentation***. Given the differences between the information requested in the Schedules and Statements and the financial information utilized under generally accepted accounting principles in the United States ("GAAP"), the aggregate asset values and claim amounts set forth in the Schedules and Statements do not always reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP. Therefore, the Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to reconcile fully with any financial statements prepared by the Debtors. Information contained in the Schedules and Statements has been derived from the Debtors' Books and Records and historical financial statements.

The Schedules and Statements have been signed by Eric Lee, the Debtors' CRO. Mr. Lee is an authorized signatory for the Debtors. In reviewing and signing the Schedules and Statements, Mr. Lee necessarily has relied upon the efforts, statements and representations of the Debtors and their advisors. Mr. Lee has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and

Statements, including each amount, quantity or current value listed in each of the Schedules and Statements or the classification thereof and parties' addresses.

4.  ***Reporting Date***.  Unless otherwise indicated, all amounts are listed as of the Petition Date or as of the latest available record date prior to the Petition Date.

5.  ***Currency***.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

6.  ***Claims Description***.  Any failure to designate a claim listed in the Schedules as disputed, contingent or unliquidated does not constitute an admission by the Debtors that such amount is not disputed, contingent or unliquidated.  The Debtors reserve all of their rights with respect to the claims listed in the Schedules and Statements, including, without limitation, the right to assert offsets or defenses to any claim reflected on the Schedules and Statements, or to further amend the Schedules or Statements to (i) dispute any claim on any basis, including, without limitation, as to amount, liability or classification or (ii) designate any claim as disputed, contingent or unliquidated.

7.  ***Classifications***.  The Debtors have sought to discover and properly classify all claims and interests in the Chapter 11 Cases, and to list all claims and interests against their estates accurately and completely.  The Schedules and Statements should not be considered the final determination of the Debtors' assets and liabilities, but rather the Debtors' current compilation of such information as of the Petition Date based on their investigations to date.  For the avoidance of doubt, the listing of an entity on any Schedule or Statement is not an admission that such party is a creditor of the Debtors and the Debtors reserve all rights to object to or otherwise dispute a party's classification as a creditor.

8.  ***Causes of Action***.  Despite the Debtors' reasonable efforts to identify all known assets, the Debtors may not have set forth all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements.  The Debtors reserve all of their rights with respect to any Claims or causes of action (including avoidance actions arising under Chapter 5 of the Bankruptcy Code and actions under other applicable non-bankruptcy law to recover assets), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

9.  ***Insiders***.  In the circumstances where the Schedules and Statements require information regarding insiders and/or officers and directors, included therein are the Debtors' (a) directors (or persons in similar positions) and (b) employees that are, or were during the relevant period, officers (or persons in control).  For purposes of the Schedules and

Statements, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers or persons in control of the Debtors and (e) debtor/non-debtor affiliates of the foregoing. Additionally, an entity may be designated as an "insider" for the purposes of the Schedules and Statements if such entity, based on the totality of the circumstances, has a close relationship with any of the Debtors and a lack of arm's length dealings. Entities or persons listed as "insiders" have been included for informational purposes only, and the inclusion or omission of them in the Schedules and Statements shall not constitute an admission that those persons are or are not "insiders" for purposes of section 101(31) of the Bankruptcy Code. The rights of the Debtors and other third parties with respect to any determinations of "insiders" are reserved.

Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for: (a) the purposes of determining (i) control of the Debtors; (ii) the extent to which any individual or entity exercised management responsibilities or functions; (iii) corporate decision-making authority over the Debtors; or (iv) whether such individual or entity could successfully argue that it is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (b) any other purpose. Furthermore, the listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

The process to identify insiders and related payments remain ongoing, and the Debtors reserve all rights to revise, amend, supplement and/or adjust the Schedules and Statements.

10.    **Setoffs**. The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtors or inchoate statutory lien rights.

11.    **Reservations**. Neither the Debtors, their agents, their employees, nor their attorneys or advisors guarantee or warrant the accuracy, the completeness or correctness of the data that is provided herein or in the Schedules and Statements, and neither is liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their agents, their employees, or their attorneys and advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the

Case 23-10931-CTG    Doc 58    Filed 07/28/23    Page 5 of 16


Debtors and/or their agents, attorneys and advisors are advised or notified of the possibility of such damages.

As noted above, reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, however, inadvertent errors or omissions may exist. The Debtors reserve all rights to revise, amend, supplement and/or adjust the Schedules and Statements from time to time in all respects. The Debtors reserve all rights with respect to issues involving or defenses against claims, substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

12.     ***Global Notes Control***.   In the event that the Schedules and Statements differ from the Global Notes, these Global Notes shall control.

**Specific Disclosures with Respect to the Debtors' Schedules and Statements**

1.      ***Schedule D***.   Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D.

2.      ***Schedule E/F***.   In certain instances, the date on which a claim arose is an open issue of fact.  Although reasonable efforts have been made to identify the date of incurrence of each claim, determination of the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

3.      ***Schedule G***.   Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over inclusions may have occurred.  The Debtors hereby reserve all rights to dispute the validity, status or enforceability of any contract, lease or other agreement. Also, Schedule G is intended to contain all of the Debtors' contracts and agreements as of the Petition Date.  The presence or omission of a contract, lease or agreement on Schedule G does not constitute an admission by the Debtors that such contract, lease or agreement is or is not an executory contract or unexpired lease.

The Debtors reserve all rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including, without limitation, any intercreditor agreement) related to a creditor's claim.

4.      ***Statement 3***.   Any payments made to the Debtors' bankruptcy professionals, insiders, and interest holders within the 90 days prior to the Petition Date are disclosed in responses to SOFA 11, SOFA 4 and SOFA 13, respectively, and therefore are not listed in response to SOFA 3.

{1402.002-W0071841.}                           5

5.      ***Statement 11***.  The Debtors have listed payments to professionals retained related to these Chapter 11 Cases.  The Debtors have not allocated payments to professionals that were made by another Debtor or on behalf of another Debtor.

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **ONH 1601 CS Investors LLC** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | **23-10932 (CTG)** |

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:   Income**

1. **Gross revenue from business**

   ■ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue
Check all that apply | Gross revenue
(before deductions and exclusions) |
|---|---|---|

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

| | Description of sources of revenue | Gross revenue from each source
(before deductions and exclusions) |
|---|---|---|

**Part 2:   List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer
Check all that apply |
|---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None.

| Insider's name and address
Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1.   **One Night Holdings LLC
430 Broadway
Suite 1605
New York, NY 10018
Manager** | **11/21/22** | **$467,681.12** | |

Debtor    **ONH 1601 CS Investors LLC**                                                    Case number (if known)  **23-10932 (CTG)**

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.2.  **Nightingale Realty LLC**<br>**430 Broadway**<br>**Suite 1605**<br>**New York, NY 10018**<br>**Manager** | **12/1/22** | **$378,786.17** | |
| 4.3.  **One Night Holdings LLC**<br>**430 Broadway**<br>**Suite 1605**<br>**New York, NY 10018**<br>**Manager** | **1/30/23** | **$860,000.00** | |
| 4.4.  **Nightingale Realty LLC**<br>**430 Broadway**<br>**Suite 1605**<br>**New York, NY 10018**<br>**Manager** | **2/22/23** | **$225,000.00** | |
| 4.5.  **Nightingale Realty LLC**<br>**430 Broadway**<br>**Suite 1605**<br>**New York, NY 10018**<br>**Manager** | **3/30/23** | **$64,435.80** | |
| 4.6.  **ONH AFC INVESTORS LLC**<br>**3445 Peachtree Road**<br>**Suite 1225**<br>**Atlanta, GA 30326** | **1/30/23** | **$4,000,000.00** | |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:**    **Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ■ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

Debtor    __ONH 1601 CS Investors LLC__                                    Case number *(if known)*    __23-10932 (CTG)__

■ None

## Part 4:    Certain Gifts and Charitable Contributions

9.  **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

    ■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

## Part 5:    Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

    ■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

## Part 6:    Certain Payments or Transfers

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Baker & Hostetler LLP**<br>**200 South Orange Avenue**<br>**Suite 2300**<br>**Orlando, FL 32801** | | | **$359,161.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor? | | | |
| 11.2. | **Landis Rath & Cobb LLP**<br>**919 Market Street**<br>**Suite 1800**<br>**Wilmington, DE 19801** | | | **$75,000.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor? | | | |

7/28/23 9:01AM

Debtor   __ONH 1601 CS Investors LLC__                     Case number *(if known)*  __23-10932 (CTG)__

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.3. | **B. Riley Advisory Services** **3445 Peach Tree Road** **Suite 1225** **Atlanta, GA 30326** | | | **$75,000.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor? | | | |
| 11.4. | **Epiq Corporate Restructuring, LLC** **777 Third Avenue** **12th Floor** **New York, NY 10017** | | | **$10,000.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor? | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
    List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

    ☐ None.

| | Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | **Trimont Real Estate Advisors, LLC** | **3rd party - reason unknown** | **11/23/22** | **$506,788.33** |
| | Relationship to debtor | | | |
| 13.2. | **Brick & Patel LLP** | **Return of Equity Investment** | **11/28/22** | **$20,000.00** |
| | Relationship to debtor | | | |

7/28/23 9:01AM

Debtor    **ONH 1601 CS Investors LLC**                                    Case number *(if known)*    **23-10932 (CTG)**

| | Who received transfer?<br>Address | Description of property transferred or<br>payments received or debts paid in exchange | Date transfer<br>was made | Total amount or<br>value |
|---|---|---|---|---|
| 13.3. | **Akhil Govil IRA**<br>**1025 Towlston Rd**<br>**Mc Lean, VA 22102** | **Return of Equity Investment** | **12/30/22** | **$100,000.00** |
| | **Relationship to debtor**<br>**Priority Return Members** | | | |
| 13.4. | **Trimont Real Estate Advisors,**<br>**LLC** | **3rd party - reason unknown** | **1/9/23** | **$1,166,491.73** |
| | **Relationship to debtor** | | | |
| 13.5. | **USI Insurance Services LLC** | **3rd party - reason unknown** | **1/13/23** | **$455,726.63** |
| | **Relationship to debtor** | | | |
| 13.6. | **William E Furr**<br>**4830 West Forest Peak**<br>**Marietta, GA 30066** | **Return of Equity Investment** | **2/16/23** | **$25,000.00** |
| | **Relationship to debtor**<br>**Priority Return Members** | | | |
| 13.7. | **Trimont Real Estate Advisors,**<br>**LLC** | **3rd party - reason unknown** | **2/23/23** | **$406,596.33** |
| | **Relationship to debtor** | | | |
| 13.8. | **KY.GOV** | **3rd party - reason unknown** | **3/9/23** | **$250.00** |
| | **Relationship to debtor** | | | |
| 13.9. | **Blaivas & Associates PC** | **Return of Equity Investment** | **3/20/23** | **$20,000.00** |
| | **Relationship to debtor** | | | |
| 13.10. | **Trimont Real Estate Advisors,**<br>**LLC** | **3rd party - reason unknown** | **3/20/23** | **$946,213.48** |
| | **Relationship to debtor** | | | |

| Part 7: | Previous Locations |
|---|---|

14. **Previous addresses**
    List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

Debtor   __ONH 1601 CS Investors LLC_____     Case number *(if known)*   __23-10932 (CTG)_____

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

| Part 8: | Health Care Bankruptcies |
|---|---|

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If  debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

| Part 9: | Personally Identifiable Information |
|---|---|

16. **Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

Debtor    **ONH 1601 CS Investors LLC**                                         Case number *(if known)*    **23-10932 (CTG)**

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

## Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

## Part 12:    Details About Environment Information

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.    Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

■    No.
☐    Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23.    Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■    No.
☐    Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■    No.
☐    Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

## Part 13:    Details About the Debtor's Business or Connections to Any Business

**25.    Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

Debtor    **ONH 1601 CS Investors LLC**                                 Case number *(if known)*    **23-10932 (CTG)**

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1. **One Night Holdings, LLC**<br>**430 Broadway**<br>**Suite 1605**<br>**New York, NY 10018** | |
| 26a.2. **Elchonon "Elie" Schwartz**<br>**3445 Peachtree Road**<br>**Suite 1225**<br>**Atlanta, GA 30326** | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26b.1. **Anna Phillips**<br>**3445 Peachtree Road**<br>**Suite 1225**<br>**Atlanta, GA 30326** | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. **Joe Pegnia**<br>**3445 Peachtree Road**<br>**Suite 1225**<br>**Atlanta, GA 30326** | |
| 26c.2. **Eric Lee**<br>**3445 Peachtree Road**<br>**Suite 1225**<br>**Atlanta, GA 30326** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

7/28/23 9:01AM

Debtor    **ONH 1601 CS Investors LLC**                                                    Case number *(if known)*    **23-10932 (CTG)**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Anna Phillips** | **3445 Peachtree Road Suite 1225 Atlanta, GA 30326** | **Independent Manager** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Eric Lee** | **3445 Peachtree Road Suite 1225 Atlanta, GA 30326** | **Chief Restructuring Officer** | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
■ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **Elchonon "Elie" Schwartz** | **3445 Peachtree Road Suite 1225 Atlanta, GA 30326** | **Manager** | |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **One Night Holdings, LLC** | **430 Broadway Suite 1605 New York, NY 10018** | | |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **Nightingale Properties LLC** | **430 Broadway Suite 1605 New York, NY 10018** | | |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
■ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1. | **See SOFA 4** | | | |

| | Relationship to debtor |
|---|---|
| | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

Debtor    **ONH 1601 CS Investors LLC**                                    Case number (if known)    **23-10932 (CTG)**

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

   ■  No
   ☐  Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | |

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **July 28, 2023**

**/s/ Eric Lee**                                                    **Eric Lee**
Signature of individual signing on behalf of the debtor        Printed name

Position or relationship to debtor        **Chief Restructuring Officer**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes