# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ONH AFC CS INVESTORS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11 (Subchapter V)<br><br>Case No. 23-10931 (CTG)<br><br>(Jointly Administered)<br><br>Hearing Date: August 28, 2023, at 1:00 p.m. (ET)<br>Objection Deadline: August 21, 2023, at 4:00 p.m. (ET) |

## MOTION FOR ENTRY OF AN ORDER (A) ESTABLISHING BAR DATE FOR FILING PROOFS OF INTEREST; (B) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF INTEREST; AND (C) APPROVING NOTICE THEREOF

The above-captioned debtors and debtors-in-possession, ONH AFC CS Investors LLC ("ONH AFC") and ONH 1601 CS Investors LLC ("ONH 1601", together with ONH AFC, the "Debtors") hereby submit this *Motion for Entry of an Order (A) Establishing Bar Date for Filing Proofs of Interest; (B) Approving the Form and Manner for Filing Proofs of Interest; and (C) Approving Notice Thereof* (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors

---

[1] The last four digits of the Debtors' federal tax identification numbers are 1199 (ONH AFC CS Investors LLC) and 6326 (ONH 1601 CS Investors LLC). The Debtors' mailing address is 3445 Peachtree Road, Suite 1225 Atlanta, GA 30326.

{1402.002-W0071975.}

confirm their consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. The statutory predicates for the relief sought herein are sections 105(a), 501, 502, and 1111(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002(a)(7), 3003(c), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**BACKGROUND**

3. On July 14, 2023 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 bankruptcy of the Bankruptcy Code and elected to proceed under subchapter V (the "Bankruptcy Cases"). These Bankruptcy Cases are jointly administered [D.I. 39].

4. The Debtors are authorized to continue to operate their businesses as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

5. On July 17, 2023, the Office of the United States Trustee for Region 3 appointed David M. Klauder, Esq. as the Subchapter V Trustee [D.I. 15].

6. On July 28, 2023, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements") on July 28, 2023. *See* D.I. 55, 56, 57, and 58.

7. A meeting of creditors pursuant to Bankruptcy Code section 341(a) (the "341 Meeting") is scheduled for August 22, 2023.

8. Pursuant to the Court's September 14, 2020 *General Order – Order Setting Proof of Claim Bar Dates in All Cases Under Subchapter V of Chapter 11* (a) the deadline for all

persons and entities holding a claim against the Debtors arising (or deemed to arise) before the Petition Date (each, a "General Claim"), including any claim arising under Bankruptcy Code section 503(b)(9) for the value of goods received by the Debtors within twenty (20) days before the Petition Date is September 12, 2023 (the "General Bar Date") and (b) January 10, 2024 (the "Governmental Bar Date") is the deadline for governmental units holding a claim against the Debtors arising (or deemed to arise) before the Petition Date.

9.  Additional factual background regarding the Debtors, including the intended real estate investment projects and the events leading to the filing of the Bankruptcy Cases is set forth in more detail in the *Declaration of Eric Lee in Support of Chapter 11 Petition and First Day Motions* [D.I. 2]. Facts specific to this Motion are set forth below.

## RELIEF REQUESTED

10.  By this Motion, the Debtors request entry of an order (the "Proof of Interest Bar Date Order"), substantially in the form attached hereto as **Exhibit A**, establishing September 30, 2023 at 4:00 p.m. prevailing Eastern Time, as the deadline (the "Proof of Interest Bar Date") by which all persons and entities that hold an equity interest in any of the Debtors must file a proof of interest if, to that entity's knowledge, is such interest is either not listed or, in such person's or entity's view, is incorrectly listed on the schedule attached to this Motion as **Exhibit B** (the "Investment Schedule").[2]

11.  Pursuant to this Motion, the Debtors also seek: (a) approval of the form and manner for filing proofs of interest in the Debtors; (b) approval of the form and manner of

---

[2] Except as otherwise defined herein, all terms used in this Motion that are specifically defined in the Bankruptcy Code shall have the meanings ascribed to such terms in the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in Bankruptcy Code section 101(5); (b) the term "entity" has the meaning given to it in Bankruptcy Code section 101(15); (c) the term "governmental unit" has the meaning given to it in Bankruptcy Code section 101(27); and (d) the term "person" has the meaning given to it in Bankruptcy Code section 101(41).

providing notice of the Proof of Interest Bar Date; and (c) authorization for the Debtors, in their sole discretion, to extend the Proof of Interest Bar Date by stipulation or otherwise where the Debtors determine that such extension is in the best interests of the estates.

A.      **Establishment of Proof Interest Bar Date**

12.     As set forth in the First Day Declaration, the Debtors' goals for these Bankruptcy Cases are to continue their investigation into the Debtors' prepetition activities and of the disposition of the funds that were intended for the investments in the Atlanta Financial Center and Lincoln Place.  To facilitate the plan process, the Debtors need to establish the amount of each investor's equity interest in the Debtors.  Additionally, the Debtors endeavor to streamline the process for investors so that the investors need not file a proof of interest unless that investor disagrees with the amount listed on the Investment Schedule.

13.     Accordingly, the Debtors request that the Court establish **September 30, 2023 at 4:00 p.m. prevailing Eastern Time** as the Proof of Interest Bar Date.

B.      **Procedures for Filing Proofs of Interest**

    **i. Parties Required to File Proofs of Interest**

14.     Any person or entity that holds an equity interest in any of the Debtors and is either not listed or, in such entity of person's view, incorrectly listed in the Investment Schedule must file proofs of interest on or before the Proof of Interest Bar Date, unless otherwise indicated below.

    **ii. Parties Not Required to File a Proof of Interest**

15.     The Debtors propose that the following persons or entities (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, or trust) holding or wishing to assert an equity interest in the Debtors **need not file a proof of interest** on or prior to the Proof of Interest Bar Date:

  (a) Any person or entity whose interest is listed on the Investment Schedule, but only if: (i) the holder of the interest agrees with the amount, nature and priority of the interest as set forth on the Investment Schedule; and (ii) the holder of the claim or interest does not dispute that the interest is an obligation of the Debtors as set forth in the Investment Schedule;

  (b) any entity or person holding or asserting a General Claim that is subject to the General Bar Date;

  (c) any entity or person who has already properly filed a proof of interest with either the clerk of the Bankruptcy Court in the District of Delaware or Epiq Corporate Restructuring, LLC (the "Claims Agent") (unless such person or entity wishes to assert an interest in a Debtor not identified in the prior proof of interest or in a different amount or classification than the prior proof of interest, in which case an additional proof of interest must be filed); and

  (d) any person or entity that is exempt from filing a proof of interest pursuant to an order of the Court in these Bankruptcy Cases.

16. For the avoidance of doubt, nothing contained herein is intended as, or should be construed as, an admission or stipulation of the validity of any equity interest in any Debtor, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute an equity interest or assert any cause of action or defense against any party. Additionally, nothing herein shall affect in any way any interest holder's right to assert a claim under section 510(b) of the Bankruptcy Code.

**C. The Proof of Interest Form**

17. The Debtors have prepared, and request that the Court approve, a proof of interest form (the "Interest Form"), which is annexed as **Exhibit A** to the Proof of Interest Bar Date Order and incorporated herein by reference.

**D. Requirements for Preparing and Filing an Interest Form**

18. With respect to completing an Interest Form, the Debtors propose the following requirements:

(a) each interest must (i) be written in English; (ii) include an interest amount denominated in United States dollar; (iii) conform substantially with the Interest Form provided by the Debtors; and (iv) be signed by the holder of the interest or by an authorized agent or legal representative of the holder of the interest;

(b) each proof of interest must specify by name and case number of the Debtor in which interest is submitted by either (i) checking the applicable box at the top of the proposed Interest Form or (ii) in the case proofs of interest being electronically submitted, selecting the applicable Debtor;

(c) If the holder of an interest asserts separate interests against different Debtors, a separate proof of interest form must be submitted with respect to each interest;

(d) only <u>original</u> proofs of interest will be deemed acceptable for purposes of claims administration. Copies of proofs of interest or those sent by electronic mail, telecopy or facsimile will **not** be accepted;

(e) each proof of interest must include supporting documentation in accordance with Bankruptcy Rule 3001;

(f) each proof of interest, including supporting documentation, must be submitted: (i) electronically, on or before the Proof of Interest Bar Date, by completing the Interest Form that can be accessed at the Claims Agent's website https://dm.epiq11.com/ONHInvestors or (ii) by United States mail or other hand delivery system, so as to be **actually received** by the Claims Agent on or before the Proof of Interest Bar Date at the following address:

>   If by First-Class Mail:
>
>   ONH AFC CS Investors LLC
>   Claims Processing Center
>   c/o Epiq Corporate Restructuring, LLC
>   P.O. Box 4420
>   Beaverton, OR 97076-4420
>
>   If by Hand Delivery or Overnight Mail:
>
>   ONH AFC CS Investors LLC
>   Claims Processing Center
>   c/o Epiq Corporate Restructuring, LLC
>   10300 SW Allen Blvd
>   Beaverton, OR 97005

and

(g) except as expressly permitted above in the context of electronic submissions at the Claims Agent's website, proofs of interest otherwise sent by facsimile, telecopy, electronic mail or other form of electronic submissions will **not** be accepted.

E. **Failure to File an Interest Form**

19. In accordance with Bankruptcy Rule 3003(c)(2), the Debtor proposes that any person or entity who is required, but fails, to file a proof of interest in accordance with the terms of the Proof of Interest Bar Date Order shall, except as otherwise authorized by order of the Court, be forever barred, estopped and enjoined from: (a) asserting such interest against the Debtors (or filing a proof of interest with respect thereto) and, moreover, the Debtors shall be forever discharged from any and all liability with respect to or arising from such interest and (b) participating in any distribution on account of such interest or receiving further notices regarding such interest. For the avoidance of doubt, if an interest holder does not file a proof of interest but is listed on the Investment Schedule, that interest holder shall be deemed to hold the interest as listed on the Investment Schedule.

E. **Procedures for Providing Notice of the Proof of Interest Bar Date**

   i. **Actual Notice**

20. With the assistance of the Claims Agent, the Debtors propose to serve all known[3] persons or entities holding potential prepetition interests with written notice of the Proof of Interest Bar Date by serving a copy of the Proof of Interest Bar Date Notice (attached as **Exhibit B** to the Proof of Interest Bar Date Order) (the "Proof of Interest Bar Date Notice" and together with the Interest Form, the "Proof of Interest Bar Date Package"). Among other things, the Proof

---

[3] For the purposes of this Motion, a creditor or entity is, consistent with applicable case law, considered "known" to the extent its identity is either known or is "reasonably ascertainable" by the Debtor. *Chemetron Corp. v. Jones (In re Chemetron Corp.)*, 72 F.3d 341, 346 (3rd Cir. 1995) (citing *Tulsa Prof. Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)).

of Interest Bar Date Notice will: (a) identify the Proof of Interest Bar Date; (b) provide holders of interests with the information necessary to allow them to make an informed decision as to whether to file a proof of interest; (c) include a copy of the Interest Schedule; and (d) describe the procedures for filing a timely proof of interest and the consequences of failing to do so.

21. No later than 3 days after entry of the Proof of Interest Bar Date Order, the Debtor will serve the Proof of Interest Bar Date Notice on all parties that the Debtors have identified as pre-petition investors and known holders of an equity interest in the Debtors. Pursuant to the *Order Granting Debtors' Motion for Entry of an Order (i) Approving the Scope and Form of Service of Notice With Respect to Investors, (ii) Approving the Opt-In Procedure for Additional Notice, and (iii) Granting Related Relief* [D.I. 40], service of the Proof of Interest Bar Date Package shall be by email only unless an investor has opted in to receive hard copy notice.

    **ii.**    **Supplemental Mailings**

22. After the initial mailing of the Proof of Interest Bar Date Package, the Debtors propose that they may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential holders of interests become known.

**BASIS FOR RELIEF**

**A.**     **Ample Authority Exists to Approve the Proof of Interest Bar Date and the Proposed Procedures for Filing Proofs of Interest in these Chapter 11 Cases**

23. Bankruptcy Rule 3003(c)(3) governs the filing of proofs of claim and proofs of interest in a chapter 11 case and provides, in relevant part: "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R.

Bankr. P. 3003(c)(3). The General Order established the General Bar as the deadline for filing proofs of claim in these Bankruptcy Cases. However, neither the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, nor the General Order specify a time by which proofs of interests must be filed in chapter 11 cases (other than Bankruptcy Code section 502(b)(9) relating to governmental units).

24. It is well-recognized that a claims and interests bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust and Sav. Assoc. v. 203 N LaSalle St. P'ship,* 526 U.S. 434, 453 (1999) (identifying the two primary purposes of chapter 11 relief as (a) the preservation of businesses as going concerns and (b) the maximization of assets available for the benefit of unsecured creditors). A claims and interests bar date allows the debtor and parties in interest to expeditiously determine and evaluate the liabilities of the estate and develop a sound plan of reorganization. The absence of such a deadline, in contrast, would prolong claimholder uncertainty, increase the costs and expenses incurred by debtors in connection with the claims reconciliation process and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law — "secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *See Chemetron*, 72 F.3d at 346.

25. The procedures described herein will provide holders of interests with both ample notice and opportunity to file proofs of interest <u>and</u> a clear process for filing such interests, all while achieving administrative and judicial efficiency. Indeed, the proposed procedures are calibrated to provide comprehensive notice and clear instructions to holders of interests and

allow these Bankruptcy Cases to move forward quickly with a minimum of administrative expense and delay.

26. Among other things, the proposed procedures contemplate providing clear filing instructions that are calculated to avoid confusion or uncertainty among holders of interests that might lead them to file unnecessary protective proofs of interest or multiple proofs of interest that would cause expense and delay in the claims process for all parties. Additionally, the proposed use of the Investment Schedule is designed both to streamline the process for the Debtors and also provide useful information to holders of interests as to whether and how their interests are reflected in the Debtors' books and records. The proposed procedures are designed to comply with the Bankruptcy Code and to provide efficiency and flexibility.

**B.    The Proposed Notice Procedures are Reasonable and Appropriate**

27. Bankruptcy Rule 2002(a)(7) requires that a debtor provide holders of claims and interest at least twenty-one (21) days' notice by mail of a bar date established pursuant to Bankruptcy Rule 3003(c). Fed. R. Bankr. P. 2002(a)(7). In conjunction with setting bar dates, a debtor must give appropriate notice to interested parties.

28. The Debtors propose to serve the Proof of Interest Bar Date Package on all pre-petition investors identified by the Debtors and known holders of equity interests in the Debtors. The Debtors submit that the relief requested herein provides for clear notice of the Proof of Interest Bar Date in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code and applicable case law. Specifically, to the extent the Proof of Interest Bar Date is established as September 30, 2023, the Debtors intend to (a) serve the Proof of Interest Bar Date Package on all pre-petition investors identified by the Debtors and known holders of equity interests in the Debtors no later than three (3) days after entry of the Proof of Interest Bar Date Order. In addition, the Debtors will publish the Proof of

Interest Bar Date Notice on the Debtors' case website maintained by the Claims Agent. Thus, assuming the Proof of Interest Bar Date Order is entered on August 28, 2023, by establishing the Proof of Interest Bar Date in accordance with this Motion, all known pre-petition investors will have approximately thirty-three (33) days' notice to review the Investment Schedule and determine whether filing a proof of interest is necessary.

29. In addition, in the event the Debtor amends or supplements the Investment Schedule, the Debtors shall give notice of any amendment to the holders of affected interests, and such holders will have twenty-one (21) days from the notice date to file proofs of interests (the "Supplement Interest Bar Date").

30. This procedure is consistent with applicable case law and practice in this District. *See, e.g.*, *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950); *see also Chemetron*, 72 F.3d at 346. To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *Chemetron*, 72 F.3d at 346. As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date." *Id.* at 346 (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." *Id.* (citing *Tulsa Prof Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). For unknown creditors, notification by publication will generally suffice." *Id.* at 346 (citations omitted). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Id.* (citing *Mullane*, 339 U.S. at 317).

31. Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for

filing a proof of claim. A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. Of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983). But this does not require the debtor to engage in "impracticable and extended searches . . . in the name of due process." *See Mullane*, 339 U.S. at 317. Rather, the required search is limited to a debtor's "books and records." *See, e.g.*, *Chemetron*, 72 F.3d at 347.

32. The Debtors believe that the procedures and notice periods described herein afford holders of interests ample opportunity to review the Investment Schedule and the Proof of Interest Bar Date Notice and to file proofs of interest while, at the same time, ensuring that the Debtors remains in chapter 11 for no longer than is necessary to seek confirmation of a plan. Accordingly, for all the foregoing reasons, the Debtors respectfully submit that the proposed Proof of Interest Bar Date and the form and manner of providing notice thereof are appropriate and should be approved.

## RESERVATION OF RIGHTS

33. Nothing contained in this Motion is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed alleged interest or any interest listed or reflected in the Investment Schedule as to the nature, amount, liability or classification thereof; or (b) otherwise amend or supplement the Investment Schedule Statements. The Debtors expressly reserve their rights to contest any proofs of interest and proofs of claims filed in these Bankruptcy Cases.

## NOTICE

34. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the Subchapter V Trustee; (c) those parties identified on the Debtors' consolidated list of largest

unsecured creditors; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) the United States Department of Justice; and (g) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

## **NO PRIOR REQUEST**

35.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully requests that the Court enter the Proof of Interest Bar Date Order, substantially in the form attached hereto, (a) establishing the Proof of Interest Bar Date, (b) approving the form and manner for filing proofs of interest, (c) approving notice thereof and (d) granting such other and further relief as is just and proper.

Dated: August 14, 2023
    Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ *Matthew R. Pierce*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
       mcguire@lrclaw.com
       pierce@lrclaw.com

- and -

**BAKER & HOSTETLER LLP**

Jorian L. Rose (*admitted pro hac vice*)
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Email: jrose@bakerlaw.com

Andrew V. Layden (*admitted pro hac vice*)
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801-3432
Telephone: (407) 649-4000
Facsimile: (407) 841-0168
Email: alayden@bakerlaw.com

*Proposed Counsel for the Debtors and Debtors in Possession*