# EXHIBIT A

## Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ONH AFC CS INVESTORS LLC, *et al.*,[1]<br><br><br><br>Debtors. | Chapter 11 (Subchapter V)<br><br>Case No. 23-10931 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 59 & \_\_\_\_** |

## ORDER APPROVING STIPULATION REGARDING ENTRY INTO FIRST DIP CREDIT AGREEMENT AMENDMENT

Upon consideration of the *Stipulation Regarding Entry into First DIP Credit Agreement Amendment* (the "Stipulation")[2]; and the Court having determined that good and adequate cause exists for approval of the Stipulation; and the Court finding that paragraph 14(g) of the Final DIP Order provides that the Debtors and the Lender may amend or otherwise modify the DIP Credit Agreement upon fourteen (14) days' notice and the approval of the Court; and upon the certification of counsel filed by the Debtors submitting the Stipulation; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is approved.

2. Entry into the First DIP Credit Agreement Amendment is hereby authorized by the Court without prejudice to the Debtors' and the Lender's rights to seek subsequent amendments of the DIP Loan Documents in these chapter 11 cases.

---

[1] The last four digits of the Debtors' federal tax identification numbers are 1199 (ONH AFC CS Investors LLC) and 6326 (ONH 1601 CS Investors LLC). The Debtors' mailing address is B. Riley Advisory Services, 3445 Peachtree Road, Suite 1225, Atlanta, GA 30326.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Stipulation attached hereto as **Exhibit 1** or the Final DIP Order, as applicable.

{1402.002-W0072420.3}

3. The First DIP Credit Agreement Amendment shall be governed in all respects by the Final DIP Order.

4. The Debtors are authorized to take any and all actions necessary to effectuate the Stipulation.

5. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order and the Stipulation.

6. This Order is immediately effective upon entry.

# **EXHIBIT 1**

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ONH AFC CS INVESTORS LLC, *et al.*,[1] | Case No. 23-10931 (CTG) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 59 |

## STIPULATION REGARDING ENTRY INTO
## FIRST DIP CREDIT AGREEMENT AMENDMENT

This stipulation (the "Stipulation") is entered into among ONH AFC CS Investors LLC and ONH 1601 CS Investors LLC (each, a "Debtor" and collectively, the "Debtors") in the above-captioned chapter 11 cases, and CrowdStreet, Inc. ("CrowdStreet" or the "Lender" and together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

### RECITALS

A. On July 14, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court")—thereby commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases").

B. On July 14, 2023, the Debtors filed the *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-Petition Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Status, (III) Scheduling a Hearing, and (IV) Granting Related Relief* [D.I. 6] (the "DIP Motion").

---

[1] The last four digits of the Debtors' federal tax identification numbers are 1199 (ONH AFC CS Investors LLC) and 6326 (ONH 1601 CS Investors LLC). The Debtors' mailing address is 3445 Peachtree Road, Suite 1225 Atlanta, GA 30326.

C.  On July 21, 2023, the Court entered an order [D.I. 43] (the "Interim Order") granting the DIP Motion and approving the proposed debtor in possession financing (the "DIP Financing") on an interim basis.

D.  On July 31, 2023, the Court entered the *Final Order (I) Authorizing the Debtors to Obtain Post-Petition Financing, (II) Granting Liens and Superpriority Administrative Expense Status, (III) Granting Adequate Protection, and (IV) Modifying the Automatic Stay* [D.I. 59] (the "Final DIP Order") approving the DIP Financing on a final basis pursuant to the Debtor-in-Possession Loan and Security Agreement (the "DIP Credit Agreement") and budget (the "Budget") attached to the Interim Order as **Exhibits A and B**, respectively.

E.  Paragraph 14(g) of the Final DIP Order provides that the Debtors and the Lender may amend, supplement, or otherwise modify any provision of the DIP Financing Documents on fourteen (14) days' notice to all parties in interest and upon entry of an order of the Court approving the same.

F.  Thereafter, the Debtors and CrowdStreet agreed to certain amendments to the DIP Credit Agreement including an amendment to the Budget (the "Amended Budget"), a copy of which is attached to this Stipulation as **Exhibit A**. The proposed amendments are discussed below and memorialized in the *First Amendment to Debtor-In-Possession Loan and Security Agreement* (the "First DIP Credit Agreement Amendment"), a copy of which is attached to this Stipulation as **Exhibit B**.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.  Each of the Recitals set forth above is incorporated herein by reference.

2. This Stipulation is subject to and conditioned upon the entry of an order of the Court approving this Stipulation.

3. <u>Amendments to DIP Credit Agreement.</u> The DIP Credit Agreement shall be amended as shown and set forth in **Exhibit B** hereto and in accordance with paragraph 14(g) of the Final DIP Order.

4. This Stipulation is the entire agreement between the Parties with respect to the subject matter hereof. This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. No statements, promises, or representations have been made by any party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

5. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation.

6. If any part of this Stipulation is held to be unenforceable by any court of competent jurisdiction, the unenforceable provision shall be deemed amended to the least extent possible to render it enforceable and the remainder of this Stipulation shall remain in full force and effect.

7. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent with the Bankruptcy Code, the laws of the State of Delaware, without regard to the conflict of laws principles thereof. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, agents, attorneys and representatives.

8. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

9. This Stipulation may be executed in one or more counterparts, including by facsimile or electronic mail, each of which when so executed shall be deemed an original, and all of which, when taken together, shall constitute one and the same Stipulation.

**IN WITNESS WHEREOF**, the Parties, by and through their duly authorized respective counsel, hereby execute this Stipulation as of the date below, intending to be legally bound.

Dated: September 15, 2023
Wilmington, Delaware

| **LANDIS RATH & COBB LLP** | **WILSON SONSINI GOODRICH & ROSATI, P.C.** |
|---|---|
| /s/ *Matthew R. Pierce* <br> Adam G. Landis (No. 3407) <br> Matthew B. McGuire (No. 4366) <br> Matthew R. Pierce (No. 5946) <br> 919 Market Street, Suite 1800 <br> Wilmington, Delaware 19801 <br> Telephone: (302) 467-4400 <br> Facsimile: (302) 467-4450 <br> Email:  landis@lrclaw.com <br>            mcguire@lrclaw.com <br>            pierce@lrclaw.com | /s/ *Catherine C. Lyons* <br> Erin R. Fay (No. 5268) <br> Catherine C. Lyons (No. 6854) <br> 222 Delaware Avenue, Suite 800 <br> Wilmington, Delaware 19801 <br> Telephone: (302) 304-7600 <br> Email: efay@wsgr.com <br>            clyons@wsgr.com <br><br> - and - <br><br> Benjamin Hoch, Esq. (*admitted pro hac vice*) <br> Marsha Sukach, Esq. (*admitted pro hac vice*) <br> 1301 Avenue of the Americas, 40th Floor <br> New York, New York 10019 <br> Telephone: (212) 999-5800 <br> Facsimile: (212) 999-5899 <br> Email: bhoch@wsgr.com <br>            msukach@wsgr.com <br><br> *Counsel for CrowdStreet, Inc.* |

| | |
|---|---|
| - and -<br><br>**BAKER & HOSTETLER LLP**<br><br>Jorian L. Rose (*admitted pro hac vice*)<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>Email: jrose@bakerlaw.com<br><br>Andrew V. Layden (*admitted pro hac vice*)<br>SunTrust Center, Suite 2300<br>200 South Orange Avenue<br>Orlando, FL 32801-3432<br>Telephone: (407) 649-4000<br>Facsimile: (407) 841-0168<br>Email:alayden@bakerlaw.com<br><br>*Counsel for the Debtors and Debtors in Possession* | |

# **EXHIBIT A**

## **Amended Budget**

($ 000's)

| Professional | Actuals 7/15 - 7/31 | Budget 8/1-8/31 | Budget 9/1 - 9/30 | Budget 10/1 - 10/31 | Budget 11/1 - 11/30 | Budget 12/1 - 12/31 | Total |
|---|---|---|---|---|---|---|---|
| **DIP Budget Funding*** | | | | | | | |
| BH[1] | $ 67 | $ 155 | $ 155 | $ 155 | $ 165 | $ 125 | $ 822 |
| LRC[1] | 64 | 50 | 50 | 50 | 50 | 50 | 314 |
| CRO[1] | 37 | 118 | 75 | 55 | 40 | 40 | 365 |
| Independent Manager | 20 | 20 | 20 | 20 | 20 | 20 | 120 |
| Sub V Trustee[1] | 10 | 10 | 10 | 10 | 10 | 10 | 60 |
| Noticing agent | 27 | 15 | 10 | 10 | 20 | 20 | 102 |
| Tax accountant[1] | - | 10 | 10 | - | - | - | 20 |
| Other | 0 | 0 | 1 | 0 | 0 | 0 | 2 |
| **Total** | **$ 225** | **$ 378** | **$ 331** | **$ 300** | **$ 305** | **$ 265** | **$ 1,805** |

* Budgeted amounts for accrued fees and expenses. Payment occurs subsequently based on fee procedures/court approval.

**Exhibit B**

**First Amendment to DIP Credit Agreement**

# FIRST AMENDMENT TO DEBTOR-IN-POSSESSION LOAN AND SECURITY AGREEMENT

THIS FIRST AMENDMENT TO DEBTOR-IN-POSSESSION LOAN AND SECURITY AGREEMENT (this "Agreement") is entered into effective as of September [●], 2023, by and among ONH 1601 CS Investors LLC, a Delaware limited liability company and a Chapter 11 debtor-in-possession ("ONH 1601"), and ONH AFC CS Investors LLC, a Delaware limited liability company and a Chapter 11 debtor-in-possession ("ONH AFC"), as borrows (collectively, the "Borrowers"), and CrowdStreet, Inc., a Delaware corporation, as lender (the "Lender").

**W I T N E S S E T H:**

WHEREAS, on July 14, 2023 (the "Petition Date"), the Borrowers filed voluntary petitions for relief under subchapter V of chapter 11 of the United States Code (the "Bankruptcy Code"), which cases are being jointly administered for procedural purposes under Case No. 23-10931 (CTG) (these "Chapter 11 Cases") before the United States Bankruptcy Court for the District of Delaware (together with any other court having jurisdiction over the Chapter 11 Cases or any proceeding therein from time to time, the "Bankruptcy Court").

WHEREAS, on July 21, 2023, the Bankruptcy Court entered the *Interim Order (I) Authorizing the Debtors to Obtain Post petition Financing, (II) Granting Liens and Superpriority Administrative Expense Status, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, and (V) Scheduling a Final Hearing* [D.I. 43] (the "Interim DIP Order"), whereby the Bankruptcy Court approved on an interim basis, among other things, the provision of post-petition financing and other financial accommodations under that certain Debtor-in-Possession Loan and Security Agreement, dated as of July 25, 2023 (the "Original Credit Agreement", and as amended, restated, amended and restated, supplemented or modified by this Agreement or otherwise from time to time, the "Credit Agreement"; unless otherwise defined herein, capitalized terms used herein that are not otherwise defined herein shall have the respective meanings assigned to such terms in the Credit Agreement), by and among the Borrowers and the Lender.

WHEREAS, a copy of the budget regarding the Credit Agreement was attached to the Interim Order as Exhibit B (the "Budget").

WHEREAS, on July 31, 2023, the Bankruptcy Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Superpriority Administrative Expense Status, (III) Granting Adequate Protection, and (IV) Modifying the Automatic Stay* [D.I. 59] (the "Final DIP Order"), whereby the Bankruptcy Court approved on a final basis, among other things, the provision of post-petition financing and other financial accommodations under the Credit Agreement.

WHEREAS, the Borrowers and Lender party hereto have agreed to amend certain provisions of the Credit Agreement and the Budget, and, subject to the satisfaction of the conditions set forth herein, the Borrowers and the Lender signatories hereto are willing to do so, on the terms set forth herein;

NOW, THEREFORE, in consideration of the mutual agreements, provisions and covenants contained herein, the parties hereto agree as follows:

Section 1.    <u>Amendments to Credit Agreement and Budget</u>.  Upon satisfaction of the conditions set forth in <u>Section 2</u> hereof (the "<u>Effective Date</u>"):

(a)    The definition of "Loan Amount" in the Credit Agreement is hereby amended by amending and restating the following definition in its entirety as set forth below:

> "**Loan Amount**" means an amount not to exceed $1,805,000, in accordance with the Budget, which shall be made available to the Borrowers in multiple monthly draws as set forth in section 2.1(b).

(b)    The definition of "Termination Date" in the Credit Agreement is hereby amended by amending and restating the following definition in its entirety as set forth below:

> "**Termination Date**" means January 15, 2024.

(c)    Section 2.1(b) of the Credit Agreement is hereby amended as shown in the redline below:

(i)    Loan may be requested by the Borrowers in up to two advances, the first of which shall be in the aggregate amount of up to $50,000 (the "Interim Amount") and the second of which shall be in an aggregate amount equal to the then-remaining unfunded Loan Amount. The second advance of the Loans (the "Second Advance") shall not occur until after entry of the Final DIP Order.

(ii)    Following entry of the Final DIP Order, the Borrowers shall be eligible to receive monthly draws of the then-remaining unfunded Loan Amount in accordance with the then-applicable Budget and the terms and conditions of this Agreement.

(iii)    The Borrowers shall deliver to the Lender a fully executed and delivered Funding Notice no later than 2:00 p.m. (New York City time) within the time periods set forth in Section 3.2(a)(i) (or such later date as the Lender may agree).

(iv)    Upon confirmation by the Lender of the satisfaction or waiver of the conditions precedent specified herein, the Lender shall make the proceeds of the Loan available to the Borrowers on the applicable Credit Date by causing an amount of same day funds in Dollars equal to the proceeds of such Loan to be credited to the Designated Account.

  (d) Section 3.2(a)(vi) of the Credit Agreement is hereby amended and restated in its entirety as set forth below:

  (vi) <u>DIP Order</u>. With respect to the Second Advance and each monthly draw thereafter, (1) the Final DIP Order shall be in full force and effect and shall not have been reversed, modified, amended, stayed, vacated or subject to a stay pending appeal and (2) the Borrowers shall be in compliance in all respects with the Final DIP Order.

  (e) Section 5.7(a) of the Credit Agreement is hereby amended and restated in its entirety as set forth below:

  By no later than October 12, 2023, the Borrowers shall have filed a Chapter 11 Plan, in form and substance satisfactory to the Lender.

  (f) The Approved Budget referenced in the Credit Agreement and the Approved Budget annexed as <u>Exhibit A</u> to the Interim Order are replaced with the Budget attached to this Agreement as <u>Annex A</u>, which is incorporated herein by reference.

Section 2. <u>Conditions</u>. The effectiveness of this Agreement is subject to (i) the receipt by the Agent of this Agreement executed by the Borrowers and the Lender and (ii) entry of a final order by the Bankruptcy Court approving this amendment.

Section 3. <u>No Modification</u>.  Except as expressly set forth herein, nothing contained herein shall be deemed to constitute a waiver of compliance with any term or condition contained in the Credit Agreement or constitute a course of conduct or dealing among the parties.  Except as expressly stated herein, the Lender reserves all rights, privileges and remedies under the Credit Agreement.  Except as amended or consented to hereby, the Credit Agreement remains unmodified and in full force and effect.  All references in the Credit Agreement shall be deemed to be references to the Credit Agreement as modified hereby.  This Agreement shall constitute a loan document and component of the Credit Agreement.

Section 4. <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts and by different parties in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.  Signature pages may be detached from multiple separate counterparts and attached to a single counterpart. Delivery of an executed signature page of this Agreement by facsimile transmission or electronic mail shall be as effective as delivery of a manually executed counterpart hereof.

Section 5. <u>Successors and Assigns</u>.  The provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and the respective successors and permitted assigns of the Lender.  The Borrowers' rights and obligations hereunder

and the Borrowers' interests herein may not be assigned or delegated by the Borrowers without the prior written consent of the Lender.

Section 6. Governing Law. THIS AGREEMENT AND EACH NOTE SHALL BE A CONTRACT MADE UNDER AND GOVERNED BY THE INTERNAL LAWS OF THE STATE OF NEW YORK APPLICABLE TO CONTRACTS MADE AND TO BE PERFORMED ENTIRELY WITHIN SUCH STATE, WITHOUT REGARD TO CONFLICT OF LAWS PRINCIPLES.

Section 7. Severability. The illegality or unenforceability of any provision of this Agreement or any instrument or agreement required hereunder shall not in any way affect or impair the legality or enforceability of the remaining provisions of this Agreement or any instrument or agreement required hereunder.

Section 8. Captions. The captions and headings of this Agreement are for convenience of reference only and shall not affect the interpretation of this Agreement.

[*Remainder of Page Intentionally Left Blank; Signature Pages Follow*]

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be duly executed by their respective authorized officers as of the day and year first above written.

**BORROWERS**:

**ONH 1601 CS INVESTORS LLC**

By: *Anna Phillips*
Name: Anna Phillips
Title: Manager

**ONH AFC CS INVESTORS LLC**

By: *Anna Phillips*
Name: Anna Phillips
Title: Manager

[Signature Page to First Amendment to Debtor-In-Possession Loan and Security Agreement]

4890-8103-6159.5

**LENDER:**

**CROWDSTREET, INC.,** a Delaware corporation

By: ___/s/ Kristen Howell___
Name:  Kristen Howell
Title:  General Counsel

[Signature Page to First Amendment to Debtor-In-Possession Loan and Security Agreement]