# **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ONH AFC CS INVESTORS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11 (Subchapter V)<br><br>Case No. 23-10931 (CTG)<br><br>(Jointly Administered)<br><br>Ref. No.: |

**ORDER APPROVING STIPULATION REGARDING CONFIDENTIALITY**

Upon the Certification of Counsel and Stipulation Regarding Confidentiality (the "Stipulation"), a copy of which is attached hereto as **Exhibit 1**, entered into by and among (a) the above-captioned debtors and debtors-in-possession (collectively the "Debtors") and (b) Mr. Elchonon "Elie" Schwartz, Nightingale Properties LLC (collectively with Mr. Schwartz, the "Schwartz Nightingale Parties"); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that sufficient notice of the Stipulation has been given; and after due deliberation; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Stipulation is APPROVED.

2. The failure to specifically include or reference any particular term or provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such term or provision.

---

[1] The last four digits of the Debtors' federal tax identification numbers are 1199 (ONH AFC CS Investors LLC) and 6326 (ONH 1601 CS Investors LLC). The Debtors' mailing address is 3445 Peachtree Road, Suite 1225 Atlanta, GA 30326.

{1402.002-W0072375.2}

3. The production of documents, communications or other information subject to a claim of attorney-client privilege, work product protection, or other legally cognizable privilege or protection, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in these cases or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

4. This Court shall retain jurisdiction over all matters arising from or relating to the interpretation or implementation of this Order or the Stipulation.

**Exhibit 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ONH AFC CS INVESTORS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11 (Subchapter V)<br><br>Case No. 23-10931 (CTG)<br><br>(Jointly Administered) |

## STIPULATION REGARDING CONFIDENTIALITY

This Stipulation (the "Stipulation") is entered into by and among Mr. Elchonon "Elie" Schwartz, Nightingale Properties LLC (collectively with Mr. Schwartz, the "Schwartz Nightingale Parties") and the above-captioned debtors and debtors in possession (collectively, the "Debtors" and, collectively with the Schwartz Nightingale Parties, the "Parties" and individually, a "Party"), and shall govern the production, review, disclosure, and handling of Discovery Materials (as defined herein) produced by one Party to another Party or Parties in connection with the above-captioned bankruptcy cases or any adversary proceeding commenced in the above-captioned bankruptcy cases, or lawsuit filed by the Debtors for enforcement of rights or recovery (collectively, the "Proceedings").

**NOW THEREFORE**, the Parties STIPULATE and AGREE, subject to the United States Bankruptcy Court for the District of Delaware (the "Court") entering an order approving the Stipulation:

1. "Discovery Materials" refers to deposition testimony and exhibits, answers to interrogatories, requests for admission; documents and things produced in discovery or voluntarily

---

[1] The last four digits of the Debtors' federal tax identification numbers are 1199 (ONH AFC CS Investors LLC) and 6326 (ONH 1601 CS Investors LLC). The Debtors' mailing address is 3445 Peachtree Road, Suite 1225 Atlanta, GA 30326.

or pursuant to any other type of request; and documents and things provided pursuant to subpoena in connection with the Proceedings. Discovery Materials also include all information, filings, documents and things derived from, based on, or incorporating any of the foregoing materials. Nothing in this Stipulation shall relieve any Party of its obligations under any separate confidentiality agreements that relate, in whole or in part, to Discovery Materials produced in connection with these Proceedings.

2.  "Confidential Matters" means: (a) non-public, commercial, confidential, sensitive, or proprietary business or personal information that is not readily ascertainable through proper means by the public and is the type of information that the disclosing party normally seeks to protect from disclosure; or (b) information or documents that are subject to confidentiality and/or disclosure agreements between or among the Parties and/or non-parties; provided, however, it shall not include documents owned by the Debtors, including the Debtors' books and records, banking documents, corporate formation or other corporate documents of the Debtors.

3.  "Highly Confidential Matters" means highly sensitive (a) personal information for which a Party believes in good faith that such information is so sensitive as to require protection beyond the protections applicable to Confidential Matters or (b) competitive or proprietary information involving trade secrets, special formulas, proprietary calculations, studies or analyses, internal financial reports or plans that contain highly sensitive non-public information, and planned or unpublished intellectual property applications for which a Party believes in good faith that (i) disclosure might have a material and adverse effect on any Party's competitive position, business operations, or economic interests and (ii) such information is so sensitive as to require protection beyond the protections applicable to Confidential Matters (collectively with "Confidential Matters," "Protected Matters").

4. Any Confidential Matters in the Discovery Materials produced, provided, disclosed, or otherwise made available by a Party, and marked or otherwise designated by a Party, in good faith, as "Confidential," shall be held in confidence by and between the Parties and their attorneys, as described in Paragraph 6 of this Stipulation.

    a. Designation of affidavit, declaration, or certification testimony as being "Confidential" shall be by paragraph number, page number, or other reasonable identifying method, and shall be made by or on behalf of the Party at the time the affidavit, declaration, or certification is filed with the Court or provided to another Party.

    b. Designation of deposition testimony as being "Confidential" shall be by transcript volume and page number, or other reasonable identifying method, and shall be made by or on behalf of the Party within three (3) days of the actual receipt of the final transcript.

5. Any Highly Confidential Matters in the form of Discovery Materials produced, provided, disclosed, or otherwise made available by a Party, and marked or otherwise designated by a Party, in good faith, as "Highly Confidential – Professionals' Eyes Only," shall be held in confidence by and between the Parties' professionals and independent manager, as described in Paragraph 7 of this Stipulation.

    a. Designation of affidavit, declaration, or certification testimony as being "Highly Confidential - Professionals' Eyes Only" shall be by paragraph number, page number, or other reasonable identifying method, and shall be made by or on behalf of the Party at the time the affidavit, declaration, or certification is filed with the Court or provided to another Party.

    b. Designation of deposition testimony as being "Highly Confidential - Professionals' Eyes Only" shall be by transcript volume and page number, or other reasonable identifying method, and shall be made by or on behalf of the Party within three (3) days of the actual receipt of the final transcript. All live testimony shall be treated as "Highly Confidential - Professionals' Eyes Only" until the earlier of: (a) the receipt of written notice designating those portions of the transcript as "Highly Confidential - Professionals' Eyes Only" or "Confidential"; or (b) the expiration of the three-day period to provide such notice.

6. Confidential Matters, including information derived therefrom, shall not be reviewed, inspected, or disclosed in any manner to any person or entity except:

    a. A Party's counsel of record, in these Proceedings, attorneys employed in the same firm with counsel of record, and clerical, paralegal and secretarial staff employed by such counsel who need to review such information in connection with these Proceedings;

    b. A Party's financial advisors, or other proposed or retained professionals in these Proceedings, and other professionals employed in the same firm as those professionals, and clerical, paralegal and secretarial staff employed by such firms who need to review such information in connection with these Proceedings, provided such persons are first given a copy of this Stipulation and have executed a Non-Disclosure Declaration in the form annexed as Exhibit A hereto;

    c. Any court, including appellate courts, having subject matter jurisdiction of these Proceedings, including court personnel;

    d. Officers, directors, manager, members, in-house counsel, or employees of any Party, who shall be advised of the requirement not to disclose or discuss Confidential Matters;

    e. Counsel to and employees of insurers that may be obligated to satisfy all or part of a judgment against, or to pay or advance all or part of the costs of, any Parties, who shall be advised of the requirement not to disclose or discuss Confidential Matters;

    f. Consultants or experts assisting a Party in the evaluation, prosecution, or defense of any matter in these Proceedings, provided such persons are first given a copy of this Stipulation and have executed a Non-Disclosure Declaration in the form annexed as Exhibit A hereto;

    g. Court reporters, stenographers, or videographers employed in connection with these Proceedings, who shall be advised of the requirement not to disclose or discuss Confidential Matters they may see or hear about during the taking of the deposition;

    h. Any witness appearing or preparing to appear at trial, at an evidentiary hearing, or in deposition who agrees in writing to be bound by its terms, except that the witnesses testifying or offered to be testifying in court shall not be restricted in their live testimony in court based upon the terms of this Stipulation; and

   i. Any person permitted to remain in the courtroom during an evidentiary hearing or the trial of these Proceedings after a motion to seal the courtroom is made.

7. Highly Confidential Matters, including information derived therefrom, shall not be reviewed, inspected, or disclosed in any manner to any person or entity except:

   a. A Party's counsel of record, in these Proceedings, attorneys employed in the same firm with counsel of record, and clerical, paralegal and secretarial staff employed by such counsel who need to review such information in connection with these Proceedings;

   b. A Party's financial advisors, or other proposed or retained professionals in these Proceedings, and other professionals employed in the same firm as those professionals, and clerical, paralegal and secretarial staff employed by such firms who need to review such information in connection with these Proceedings, provided such persons are first given a copy of this Stipulation and have executed a Non-Disclosure Declaration in the form annexed as Exhibit A hereto;

   c. Anna Phillips;

   d. Any court, including appellate courts, having subject matter jurisdiction of these Proceedings, including court personnel;

   e. Consultants or experts assisting a Party in the evaluation, prosecution, or defense of these Proceedings, provided such persons: (1) are not current employees of any direct business competitor of any Party; and (2) are first given a copy of this Stipulation and have executed a Non-Disclosure Declaration in the form annexed as Exhibit A hereto;

   f. Court reporters, stenographers, or videographers employed in connection with these Proceedings, who shall be advised of the requirement not to disclose or discuss Highly Confidential Matters they may see or hear about during the taking of the deposition;

   g. Any witness appearing or preparing to appear at trial, at an evidentiary hearing, or in deposition who agrees in writing to be bound by its terms, except that the witnesses testifying or offered to be testifying in court shall not be restricted in their live testimony in court based upon the terms of this Stipulation; and

   h. Any person permitted to remain in the courtroom during an evidentiary hearing or the trial of these Proceedings after a motion to seal the courtroom is made.

-6-

8. Any recipient of Protected Matters pursuant to this Stipulation (a "Receiving Party") is prohibited from using or disclosing Protected Matters for any purpose other than the Proceedings, except for disclosures required by a Receiving Party's discovery obligations in other litigation in which it is party, a subpoena or other order of a court or government body of competent jurisdiction. If a Receiving Party is served with discovery, a subpoena or other order of a court or government body of competent jurisdiction that would compel disclosure of any Protected Matters designated by another party (a "Designating Party"), the Receiving Party must notify the Designating Party, in writing no later than the earlier of (a) ten (10) days after receiving the discovery, subpoena, or order or (b) two (2) days before the discovery, subpoena or order requires compliance. Such notification must include a copy of the discovery, subpoena or order. The Receiving Party also must notify in writing the party who caused the discovery, subpoena or order to issue that some or all of the material covered by the discovery, subpoena or order is the subject of this Stipulation no later than the earlier of (a) ten (10) days after receiving the discovery, subpoena or order or (b) two (2) days before the discovery, subpoena or order requires compliance. Such notification must include a copy of this Stipulation. The purpose of imposing these duties is to alert the interested persons to the existence of this Stipulation and to afford the Designating Party an opportunity to try to protect the Protected Matters in the court or government body from which the subpoena or order issued or in which the discovery was propounded. The Designating Party bears the burden and the expense of seeking protection in that court or government body of the Protected Matters. If the Designating Party fails to respond or otherwise seek protection from that court or government body before the discovery, subpoena or order requires compliance, or if that court or government body of competent jurisdiction overrules or denies any request for such protection, the Receiving Party shall have no liability for providing or producing any Protected

-7-

Matters required to be produced or provided by the discovery, subpoena or order. The obligations set forth in this paragraph remain in effect while a Receiving Party has in its possession, custody, or control Protected Matters designated by another party.

9. Inadvertent failure to designate Protected Matters as "Confidential" or "Highly Confidential, Professionals' Eyes Only" at the time of production may be remedied by supplemental written notice to counsel for the Receiving Party (a "<u>Supplemental Notice</u>"). The Supplemental Notice shall identify the Discovery Materials by Bates-number that the Designating Party inadvertently failed to designate as Protected Matters and attached copies of those Discovery Materials with the same Bates-numbers and a "Confidential" or "Highly Confidential, Professionals' Eyes Only" legend. Upon receiving a Supplemental Notice, the Receiving Party shall thereafter treat the designated Discovery Materials in accordance with the terms of this Stipulation, <u>provided</u>, any disclosure by the Receiving Party prior to receipt of a Supplemental Notice will not be deemed a violation of this Stipulation. A Receiving Party may challenge a Designating Party's designation of Protected Matters as "Confidential" or "Highly Confidential, Professionals' Eyes Only" under a Supplemental Notice as provided in Paragraphs 13 and 16 of this Stipulation.

10. At the conclusion of all of the Proceedings, which is when each Proceeding is deemed closed on its respective court's docket, and all periods for any appeal have expired, any and all Receiving Parties shall at their option either (a) return or (b) destroy and certify the destruction of all Discovery Materials produced or otherwise provided by another party, including all reproductions that may have been made of any such information contained in such Discovery Materials. A Receiving Party may certify the destruction of all electronically stored Discovery Materials if all reasonably accessible electronically stored information containing Discovery

Materials have been destroyed, <u>provided</u> <u>however</u>, that if such electronically stored information is inaccessible at the time of certification and later becomes reasonably accessible (e.g., through the restoration of a back-up), the certifying Receiving Party will promptly destroy any newly accessible electronically stored information containing Discovery Materials. This paragraph is inapplicable to documents filed with, or testimony given before, the Court.

11. Nothing herein shall prevent any Designating Party from publicly disclosing any of its own Protected Matters as it deems appropriate; however, such public disclosures shall, to the extent they are intentional and not inadvertent, constitute a waiver and withdrawal of any confidentiality assertion over the Discovery Materials so disclosed and void the obligations of the other Party hereunder as to, and only as to, the Discovery Materials so disclosed.

12. The Parties agree to file under seal any Discovery Materials that contain any Protected Matters.

13. The Receiving Party may request in writing to the Designating Party that the designation given to any Protected Matters be modified or withdrawn. If the Designating Party does not agree to re-designation within an adequate and reasonable time under the circumstances, and in no event greater than seven (7) days of receipt of the written request, the Receiving Party may apply to the Court for relief. Upon such application to the Court, the burden shall be on the Designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, made applicable to these Proceedings by the Federal Rules of Bankruptcy Procedure, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, and the Local Rules of the Court

shall be met. Pending the Court's determination of the application, the designation of the Designating Party shall be maintained.

14. Nothing in this Stipulation shall require disclosure of Discovery Materials that are protected from disclosure by the attorney-client privilege, the work-product protection, or any other legally cognizable privilege or protection. If, nevertheless, a Party ("<u>Disclosing Party</u>") discloses such privileged or protected Discovery Materials ("<u>Disclosed Protected Information</u>") to a Receiving Party, the following provisions will apply:

    a. Pursuant to Federal Rule of Evidence 502(d) and (e), the disclosure of Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture in these Proceedings or in any other federal or state proceeding of any claim of attorney-client privilege, work product protection, or any other privilege or protection that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter.

    b. If a Disclosing Party requests a Receiving Party return Disclosed Protected Information, the Receiving Party shall:

        i) immediately cease using, copying, or distributing the Disclosed Protected Information; and

        ii) return or certify the destruction of, within seven (7) days, all copies of the Disclosed Protected Information, including any documents created by the Receiving Party based upon such information to the Disclosing Party.

    c. A Receiving Party may move the Court for an order permitting it to retain and use the Disclosed Protected Information, but that motion shall not assert as a ground for entering such an order the fact or circumstance of the Disclosed Protected Information's production. Such motion must be made within seven (7) days after the Disclosing Party first provides notice to the Receiving Party of the Disclosed Protected Information. If the Receiving Party timely files a motion under this provision, the requirements of paragraph 14(b)(ii) with respect to the Disclosed Protected Information that is the subject of the motion shall be stayed until seven (7) days after the Court rules on the motion.

15. This Stipulation shall not prejudice the right of any Party to move the Court for relief or modification of this Stipulation for good cause shown, for a determination from the Court that any Protected Matters are not in fact "Confidential" or "Highly Confidential - Professionals' Eyes Only," or for further protective orders as the Court may deem appropriate, <u>provided</u> that the non-moving Party is served with a copy of such motion, and, <u>provided further</u> that the non-moving Party has the right to object to any such motion.

16. Nothing in this Stipulation or any action or agreement of a Party under this Stipulation limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any Discovery Materials, including Protected Matters, at any evidentiary hearing, or at trial.

17. This Stipulation shall survive the termination of the Proceedings, whether by order, final judgment, settlement or otherwise, and shall continue in full force and effect.

18. This Stipulation is entered based on the representations and agreements of the Parties and for the purpose of facilitating the exchange of information. Nothing herein shall be construed or presented as a judicial determination that any Discovery Materials designated as "Confidential" or "Highly Confidential - Professionals' Eyes Only" by counsel or the Parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. No failure or delay by a Party in exercising any right, power, or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise preclude any further exercise of any right, power, or privilege hereunder.

20. Each Party agrees that the Disclosing Party shall be entitled to seek equitable relief, including, without limitation, by way of an injunction and specific performance, in the event of

any breach (actual or threatened) of the provisions of this Stipulation, in addition to all other remedies available to the Disclosing Party at law or in equity.

21. The Parties agree that this Stipulation shall be governed by, and interpreted in accordance with, the laws of Delaware, without giving effect to the otherwise applicable principles of law as to conflict or choice of law of such state. Each Party hereto irrevocably and unconditionally consents to submit to the jurisdiction of the Court for any issues, actions, suits, or proceedings arising out of or relating to this Stipulation, agrees to the exclusive jurisdiction thereof, and waives any objection to the laying of venue of any action, suit or proceeding arising out of this Stipulation in the Court.

22. This Stipulation shall be executed in any number of counterparts, which counterparts may be delivered by facsimile or electronic mail, and it shall not be necessary that the signature of, or on behalf of, each party, appear on each counterpart; but it shall be sufficient that the signature of, or on behalf of, each party, appear on one or more counterparts. All such counterparts when taken together shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.

Dated: September 22, 2023

| | |
|---|---|
| **RICHARDS, LAYTON & FINGER, P.A.** | **LANDIS RATH & COBB LLP** |
| */s/ Zachary I. Shapiro* | */s/ Matthew R. Pierce* |
| Zachary I. Shapiro (No. 5103) | Adam G. Landis (No. 3407) |
| Emily R. Mathews (No. 6866) | Matthew B. McGuire (No. 4366) |
| One Rodney Square | Matthew R. Pierce (No. 5946) |
| 920 N. King Street | 919 Market Street, Suite 1800 |
| Wilmington, Delaware 19801 | Wilmington, Delaware 19801 |
| Telephone: (302) 651-7700 | Telephone: (302) 467-4400 |
| Facsimile: (302) 651-7701 | Facsimile: (302) 467-4450 |
| Email: Shapiro@rlf.com | Email: landis@lrclaw.com |
|       Mathews@rlf.com |       mcguire@lrclaw.com |
| |       pierce@lrclaw.com |
|   -and- | |
| | - and - |
| **JONES DAY** | |
| | **BAKER & HOSTETLER LLP** |
| Thomas M. Wearsch (*pro hac vice* pending) | |
| 250 Vesey St. | Jorian L. Rose (admitted *pro hac vice*) |
| New York, NY 10281 | 45 Rockefeller Plaza |
| Telephone: (212) 326-3939 | New York, New York 10111 |
| Facsimile: (212) 755-7306 | Telephone: (212) 589-4200 |
| Email: twearsch@jonesday.com | Facsimile: (212) 589-4201 |
| | Email: jrose@bakerlaw.com |
| Matthew C. Corcoran (*pro hac vice* pending) | |
| 325 John H. McConnell Blvd. | Andrew V. Layden (*pro hac vice* pending) |
| Columbus, Ohio 43215 | SunTrust Center, Suite 2300 |
| Telephone: (614) 469-3939 | 200 South Orange Avenue |
| Facsimile: (614) 461-4198 | Orlando, FL 32801-3432 |
| Email: mccorcoran@jonesday.com | Telephone: (407) 649-4000 |
| | Facsimile: (407) 841-0168 |
| *Counsel for Mr. Elchonon "Elie" Schwartz and Nightingale Properties LLC* | Email: alayden@bakerlaw.com |
| | *Counsel for the Debtors and Debtors in Possession.* |

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ONH AFC CS INVESTORS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11 (Subchapter V)<br><br>Case No. 23-10931 (CTG)<br><br>(Jointly Administered) |

**NON-DISCLOSURE DECLARATION**

I, _____ , declare under penalty of perjury, the following:

I reside at in the City/ County of and State of _____.

I have read the annexed Stipulation Regarding Confidentiality (the "Protective Order") [Doc. No. __], dated _____, 2023, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

---

[1] The last four digits of the Debtors' federal tax identification numbers are 1199 (ONH AFC CS Investors LLC) and 6326 (ONH 1601 CS Investors LLC). The Debtors' mailing address is 3445 Peachtree Road, Suite 1225 Atlanta, GA 30326.

{1402.002-W0072375.2}

-2-

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Highly Confidential - Professionals' Eyes Only.[2]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____

Dated: _____

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them under the Protective Order.