## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ONH AFC CS INVESTORS LLC, *et al.*,[1] | Case No. 23-10931 (CTG) |
| Debtors. | (Jointly Administered) |

## ORDER CONFIRMING DEBTORS' AMENDED SMALL BUSINESS DEBTORS' JOINT PLAN OF LIQUIDATION

ONH AFC CS Investors LLC ("ONH AFC") and ONH 1601 CS Investors LLC ("ONH 1601" and together with ONH AFC, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases:

a.  commenced, on July 14, 2023 (the "Petition Date"), the above-captioned chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for relief under Subchapter V of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code");

b.  filed, on October 16, 2023, the *Small Business Debtors' Joint Plan of Liquidation* (as the same may be amended, restated, revised, supplemented and otherwise modified from time to time, and including all attachments and exhibits thereto, the "Plan") (Doc. No. 147);[2]

c.  distributed solicitation materials, including the ballot for voting on the Plan (the "Ballot") on or about November 2, 2023 in the form approved in that certain *Order (I) Scheduling the Confirmation Hearing; (II) Establishing the Plan Objection and Voting Deadlines; (III) Approving the Form and Manner of the Confirmation Hearing and Related Documents; and (IV) Granting Related Relief)* (the "Solicitation Order") (Doc. No. 172), to holders of Claims and Interests and parties in interest, in compliance with the procedures contained in the Solicitation Order, the Bankruptcy Code, and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as set forth in the *Certificate of Service of Solicitation Materials* [Ref. Docket Nos. 173 and

---

[1] The last four digits of the Debtors' federal tax identification numbers are 1199 (ONH AFC CS Investors LLC) and 6326 (ONH 1601 CS Investors LLC). The Debtors' mailing address is 3445 Peachtree Road, Suite 1225 Atlanta, GA 30326.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

174] (and any supplements thereto), dated November 9, 2023 (the "<u>Certificate of Service</u>") (Doc. No. 181);

d.  filed, on October 27, 2023, an amended version of the Plan (Doc. No. 173);

e.  filed, on October 27, 2023, the *Notice of Hearing to Consider Confirmation of Small Business Debtors' Joint Plan of Liquidation and Related Deadlines* (the "<u>Notice of Hearing</u>") (Doc. No. 174);

f.  filed, on November 21, 2023, the *Notice of Filing Plan Supplement* (Doc. No. 190), and attached thereto as Exhibit 1, the *Plan Supplement* (the "<u>Plan Supplement</u>") (Doc. No. 190-1);

g.  filed, on December 7, 2023, the *Declaration of Emily Young of Epiq Corporate Restructuring, LLC Regarding the Solicitation and Tabulation of Ballots Cast on Amended Small Business Debtors' Joint Plan of Liquidation* (the "<u>Voting Certification</u>") (Doc. No. 198);

h.  filed, on December 7, 2023, the *Memorandum of Law in Support of Confirmation of Amended Small Business Debtors' Join Plan of Liquidation* (the "<u>Confirmation Brief</u>") (Doc. No. 199).

i.  filed, on December 11, 2023, the *Amended Small Business Debtors' Joint Plan of Liquidation* (Doc. No. 202);

j.  filed, on December 11, 2023, the *Declaration of Anna Phillips in Support of the Amended Small Business Debtors' Joint Plan of Liquidation* (the "<u>Phillips Declaration</u>") (Doc. No. 204); and

The Bankruptcy Court having:

a.  entered the Solicitation Order on October 27, 2023;

b.  pursuant to the Solicitation Order, set the deadline to object to confirmation of the Plan as December 1, 2023, at 4:00 p.m. prevailing Eastern Time and the Plan Voting Deadline as December 1, 2023, at 4:00 p.m. prevailing Eastern Time;

c.  scheduled December 14, 2023, at 10:00 a.m. prevailing Eastern Time as the date and time for the commencement of the Confirmation Hearing in accordance with Bankruptcy Rules 3017 and 3018 and sections 1126, 1128, 1129, and 1191 of the Bankruptcy Code;

d.  reviewed the Plan, the Confirmation Brief, the Voting Certification, and all other pleadings, exhibits, statements, affidavits, declarations and comments regarding Confirmation of the Plan, including all objections, statements and reservations of rights made with respect thereto;

e. held the Confirmation Hearing;

f. heard the statements, arguments and objections, if any, made by counsel and parties in interest in respect of Confirmation of the Plan;

g. considered all oral representations, testimony, documents, filings and other evidence regarding Confirmation of the Plan;

h. overruled any and all objections to the Plan and Confirmation thereof and all statements and reservation of rights not consensually resolved or withdrawn unless otherwise indicated in this Confirmation or on the record at the Confirmation Hearing;

i. entered rulings on the record at the Confirmation Hearing held on December 14, 2023 (the "Confirmation Ruling"); and

j. taken judicial notice of the papers and pleadings filed in these Chapter 11 Cases, and all evidence proffered or adduced and all arguments made at the hearings held before the Bankruptcy Court during the pendency of these Chapter 11 Cases.

NOW, THEREFORE, it appearing to the Bankruptcy Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to final approval of the Plan has been adequate and appropriate as to all entities affected or to be affected by the Plan and the transactions contemplated thereby, that the legal and factual bases set forth in the documents filed in support of Confirmation of the Plan and presented at the Confirmation Hearing establish just cause for the relief granted herein, and that after due deliberation thereon and good cause appearing therefore, the Bankruptcy Court hereby makes and issues the following findings of fact, conclusions of law, and order.

## I. __FINDINGS OF FACT AND CONCLUSIONS OF LAW__

IT IS HEREBY FOUND AND DETERMINED THAT:

A. Findings and Conclusion.

1. The findings of fact and the conclusions of law set forth in this order (the "Confirmation Order") constitute findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure, as made applicable to this proceeding by Bankruptcy

Rules 7052 and 9014. All findings of fact and conclusions of law announced by the Bankruptcy Court at the Confirmation Hearing in relation to Confirmation are hereby incorporated into this Confirmation Order to the extent not inconsistent herewith. To the extent that any of the following constitutes findings of fact or conclusions of law, they are adopted as such. To the extent any finding of fact or conclusion of law set forth in this Confirmation Order (including any finding of fact or conclusions of law announced by the Bankruptcy Court at the Confirmation Hearing and incorporated herein) constitutes an order of the Bankruptcy Court, it is adopted as such.

B.  Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)).

2.  Venue in this Bankruptcy Court was proper as of the Petition Date and continues to be proper under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Bankruptcy Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors have confirmed their consent, pursuant to Bankruptcy Rules 7008 and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by this Bankruptcy Court. This Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

C.  Eligibility for Relief.

3.  The Debtors were and continue to be entities eligible for relief under sections 109 and 1182 of the Bankruptcy Code and Subchapter V of chapter 11 of the Bankruptcy Code pursuant to the Small Business Debtor Reorganization Act of 2019, Pub. L. No. 116-54, effective February

19, 2020, as amended. The Debtors are the proper proponents of the Plan for purposes of section 1189 of the Bankruptcy Code.

    D.  <u>Commencement and Joint Administration of Chapter 11 Cases</u>.

        4.  On the Petition Date, the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code and elected to proceed under Subchapter V of the Bankruptcy Code. On July 21, 2023, the Bankruptcy Court entered an order (Doc. No. 39) authorizing the joint administration of the Chapter 11 Cases in accordance with Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors have operated their businesses and managed their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

    E.  <u>Appointment of the Subchapter V Trustee</u>.

        5.  On July 17, 2023, the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") appointed David Klauder as the Subchapter V Trustee pursuant to section 1183(a) of the Bankruptcy Code. (Doc. No. 15).

    F.  <u>Plan Supplement</u>.

        6.  The Plan Supplement complies with the terms of the Plan, and the Debtors provided good and proper notice of the filing thereof in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the facts and circumstances of the Chapter 11 Cases. No other or further notice is or will be required with respect to the Plan Supplement. All documents included in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan. Subject to the terms of the Plan, the Debtors have reserved the right to alter, amend, update, or modify the Plan Supplement before the Effective Date, subject to compliance with the Plan, the Bankruptcy Code, and the Bankruptcy Rules.

G.   Judicial Notice; Objections Overruled.

7.   The Bankruptcy Court takes judicial notice of (and deems admitted into evidence for purposes of Confirmation) the docket of these Chapter 11 Cases maintained by the clerk of the Bankruptcy Court or its duly appointed agent, including all pleadings and other documents on file, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during these Chapter 11 Cases. Any resolution or disposition of objections to Confirmation explained or otherwise ruled upon by the Bankruptcy Court on the record at the Confirmation Hearing is hereby incorporated herein by reference. All unresolved objections, statements, and reservations of rights are hereby overruled on the merits.

H.   Transmittal and Mailing of Materials; Notice.

8.   The Debtors provided due, adequate, and sufficient notice of the Plan, the Confirmation Hearing Notices, the Plan Supplement, and all other materials distributed by the Debtors in connection with the Confirmation of the Plan in compliance with the Bankruptcy Rules, including Bankruptcy Rules 2002(b) and 3020(b), the Local Rules, and the procedures set forth under Subchapter V of the Bankruptcy Code. The Debtors provided due, adequate, and sufficient notice of the deadline to object to the Plan, the Confirmation Hearing, and any applicable bar dates and hearings in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. No other or further notice is or shall be required.

I.   Voting.

9.   Section 1191(b) of the Bankruptcy Code eliminates section 1129(10)'s requirement of an impaired accepting class, such that creditor votes need not be solicited in a case under Subchapter V. However, the Debtors solicitated votes of all classes entitled to vote according to

the Solicitation Order, including Classes 1, 4, 5, 6, and 7. More than 99% of each voting class voted in favor of the Plan and thus, the Plan satisfies these requirements.

J.  <u>Bankruptcy Rule 3016</u>.

10. The Plan and all modifications thereto are dated and identify the Entities submitting them, thereby satisfying Bankruptcy Rule 3016(a). The contents of the Plan contain the information required under the Bankruptcy Code and the Bankruptcy Rules, including section 1190(1) of the Bankruptcy Code. Pursuant to section 1181(b) of the Bankruptcy Code, a separate disclosure statement is not needed. The injunction, release, and exculpation provisions in the Plan describe, in bold font and with specific and conspicuous language, all acts to be enjoined and identify the entities that will be subject to the injunction, thereby satisfying Bankruptcy Rule 3016(c).

K.  <u>Compliance with Requirements of Section 1129 and 1191 of the Bankruptcy Code</u>.

11. The Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code as follows:

**Section 1129(a)(1)—Compliance of the Plan with Applicable Provisions of the Bankruptcy Code.**

12. The Plan complies with all applicable provisions of the Bankruptcy Code, including sections 1122 and 1123, as required by section 1129(a)(1) of the Bankruptcy Code.

**Sections 1122 and 1123(a)(1)—Proper Classification.**

13. The Plan satisfies the requirements of sections 1122 and 1123(a)(1) of the Bankruptcy Code. Article 2 of the Plan provides for the separate classification of Claims and Interests into seven different Classes, based on differences in the legal nature or priority of such Claims and Interests and/or the consent of certain Holders of Claims and Interests to such separate classification (other than DIP Claims, Administrative Expenses, Professional Fee Claims, and

Priority Tax Claims, which are also addressed in Article 2 of the Plan but are not required to be designated as separate Classes by section 1123(a)(1) of the Bankruptcy Code). Valid business, factual, and legal reasons exist for the separate classification of such Claims and Interests, and such classifications were not implemented for any improper purpose and do not unfairly discriminate between, or among, Holders of Claims and Interests. Each Class of Claims or Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class.

**Section 1123(a)(2)—Specification of Unimpaired Classes.**

14. The Plan satisfies the requirements of section 1123(a)(2) of the Bankruptcy Code. Article 2 of the Plan specifies the treatment of each Class of Claims or Interests that is not Impaired under the Plan.

**Section 1123(a)(3)—Specification of Treatment of Impaired Classes.**

15. The Plan satisfies the requirements of section 1123(a)(3) of the Bankruptcy Code. Article 2 of the Plan specifies the treatment of each Impaired Class under the Plan.

**Section 1123(a)(4)—No Discrimination.**

16. The Plan satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code. Article 2 of the Plan provides the same treatment to each Claim or Interest in any particular Class, as the case may be, unless the holder of a particular Claim or Interest has agreed to a less favorable treatment with respect to such Claim or Interest.

**Section 1123(a)(5)—Adequate Means for Plan Implementation.**

17. The Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code. The Plan and the various documents included in the Plan Supplement provide adequate and proper

means for the Plan's execution and implementation, including provisions regarding the Liquidating Trust, Effective Date transactions and transfers, and the funding of the Plan.

**Section 1123(a)(6)—Non-Voting Equity Securities.**

18. The Plan satisfies the requirements of section 1123(a)(6) of the Bankruptcy Code. The Plan does not provide for the issuance of non-voting equity securities.

**Section 1123(a)(7)—Trustees.**

19. The Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code. The identity and affiliation of the Liquidating Trustee is set forth in the Plan Supplement. The Liquidating Trustee shall act as the custodian and distributor of the Liquidating Trust Assets and have the authority to act as set forth in the Plan and the Plan Supplement.

**Section 1123(b)—Discretionary Contents of the Plan.**

20. The Plan's discretionary provisions comply with section 1123(b) of the Bankruptcy Code and are not inconsistent with the applicable provisions of the Bankruptcy Code. Thus, the Plan satisfies section 1123(b).

**Section 1123(b)(1)—Impairment/Unimpairment of Any Class or Claims of Interests.**

21. Article 2 of the Plan impairs or leaves Unimpaired, as the case may be, each Class of Claims and Interests, as contemplated by section 1123(b)(1) of the Bankruptcy Code.

**Section 1123(b)(2)—Assumption and Rejection of Executory Contracts and Unexpired Leases.**

22. Article 2, Section 2.4 of the Plan provides for the rejection of the Debtors' Executory Contracts and Unexpired Leases that have not been previously assumed, assumed and assigned, or rejected pursuant to section 365 of the Bankruptcy Code and orders of the Court,

except for any executory contracts with professionals that have been approved by the Bankruptcy Court.

**Section 1123(b)(3)(A)—Releases, Exculpations, and Injunctions.**

23. Under the facts and circumstances of these Chapter 11 Cases, the releases, exculpations, and injunctions provided for in the Plan are: (i) within the jurisdiction of this Bankruptcy Court under 28 U.S.C. § 1334, (ii) an appropriate exercise of the Debtors' business judgment, (iii) integral elements of the transactions incorporated into the Plan and inextricably bound with the other provisions of the Plan, (iv) given in exchange for good and valuable consideration provided by CrowdStreet, Inc. (the "Released Party") to the Holders of Claims and Interests who elect the CS Opt-In (the "Releasing Parties"), (v) in the best interests of the Debtors, their Estates, and all Holders of Claims and Interests that are Releasing Parties, (vi) fair, equitable, and reasonable, (vii) given and made after due notice and opportunity to object and be heard with respect thereto, as the Plan, the Confirmation Hearing Notices, and the Opt-Out Form each unambiguously state that the Plan contains certain release, exculpation, and injunction provisions, and therefore such releases are consensual as they pertain to Holders of Claims and Interests, (viii) consistent with sections 105, 524, 1123, 1129, and 1141 and other applicable provisions of the Bankruptcy Code and other applicable law, and (ix) a bar to (a) any claim against the Exculpation Parties, as described in Article 6, Section 6.9 of the Plan, and (b) the assertion of any released claim of a Releasing Party against any of the Released Party as and to the extent provided for in the Plan and this Confirmation Order.

**Section 1123(b)(3)(B)—Preservation of Claims and Causes of Action.**

24. Article 2, Section 2.5.H of the Plan appropriately provides for the preservation by the Debtors of certain Retained Causes of Action in accordance with section 1123(b)(3)(B) of the

Bankruptcy Code. Causes of Action not released by the Debtors or exculpated under the Plan shall vest in the Liquidating Trust as provided by the Plan in Article 2, Section 2.5.G.

25. The Liquidating Trustee shall have, subject only to the limitations contained in the Plan, the Liquidating Trust Agreement, or this Order, the following duties, responsibilities, authorities, and powers: (A) the power and authority to hold, manage, sell, and distribute Liquidating Trust Assets in accordance with the Plan; (B) the power and authority to prosecute and resolve objections to Claims or Interests against the Debtors that are payable from the Liquidating Trust; (C) the power and authority to perform such other functions as are provided in the Plan and Liquidating Trust Agreement; and (D) the power and authority to do any other act the Liquidating Trustee deems to be in the best interest of the Liquidating Trust.

**Section 1123(b)(4)—Sale of Debtors' Property.**

26. The Plan does not provide for the sale of all or substantially all of the Debtors' property. Accordingly, section 1123(b)(4) is not applicable.

**Section 1123(b)(5)—Treatment of Claims and Interests.**

27. In accordance with section 1123(b)(5) of the Bankruptcy Code, Article 2 of the Plan modifies or leaves unaffected, as the case may be, the rights of Claims and Interests in each Class.

**Section 1123(b)(6)—Additional Provisions.**

28. In accordance with section 1123(b)(6) of the Bankruptcy Code, the Plan includes additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code.

**Settlement with the Schwartz Nightingale Parties**

29. Except as otherwise specifically provided in this Confirmation Order, the Plan, or the Schwartz Nightingale Settlement, all Holders of Claims and Interests that elect the SN Opt-In

will have been deemed to assign to the Liquidating Trust any and all claims and causes of action from the beginning of time to the Effective Date relating in any way to the Debtors against the Schwartz Nightingale Parties or anyone acting on its behalf in exchange for 5% annual simple interest on the unpaid amount of such Holder's Claim or Interest, beginning on the Effective Date and ending on the date of payment, to be paid after recovery of its Equity Interest.

**The CrowdStreet Settlement Proposal**

30. Except as otherwise specifically provided in this Confirmation Order, the Plan, or the Plan Supplement, on the Effective Date, all Holders of Claims and Interests that elect the CS Opt-In will have been deemed to release any and all claims and causes of actions from the beginning of time to the Effective Date relating in any way to the Debtors against CrowdStreet or its affiliates, or anyone acting on its behalf in exchange for CrowdStreet's agreement to subordinate certain of its claims and make available the Liquidating Trust Loan, as described in greater detail in the Plan.

**Section 1129(a)(2)—Debtors' Compliance with the Applicable Provisions of the Bankruptcy Code.**

31. The Debtors, as proponents of the Plan, have complied with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(2) of the Bankruptcy Code, including sections 1122, 1123, 1124, 1126, 1128, 1129, 1181(b), 1190, and 1191 of the Bankruptcy Code. The Debtors and their agents have negotiated the Plan in good faith and in a manner consistent with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws, and regulations and are entitled to the protections afforded by the exculpation provisions set forth in Article 6, Section 6.9 of the Plan.

32. The Debtors and their agents have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the offering, issuance, and

distribution of recoveries under the Plan and therefore the Debtors and the Liquidating Trust, as applicable, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the distributions made pursuant to the Plan, so long as such distributions are made consistent with and pursuant to the Plan.

**Section 1129(a)(3)—Proposal of Plan in Good Faith.**

33. The Plan satisfies the requirements of section 1129(a)(3) of the Bankruptcy Code. The Debtors have proposed the Plan in good faith and not by any means forbidden by law. In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the Plan itself, and the process leading to its formulation. The Debtors' good faith is evident from the facts and the record of the Chapter 11 Cases and the record of the Confirmation Hearing and other proceedings held in the Chapter 11 Cases.

34. The Plan is the product of good faith, arm's-length negotiations by and among the Debtors, the Debtors' officers and managers, including the Debtors' Chief Restructuring Officer, and certain of the Debtors' principal stakeholders involved in the Chapter 11 Cases, including CrowdStreet, the Office of the United States Trustee, and the Subchapter V Trustee. The Plan itself and the process leading to its formulation provides independent evidence of the Debtors' and such other parties' good faith, that the Plan serves the public interest, and that the Plan assures fair treatment of Holders of Claims and Interests. Consistent with the overriding purpose of chapter 11, the Debtors commenced the Chapter 11 Cases, and the Plan was negotiated and proposed, with the legitimate purpose of maximizing stakeholder value and for no ulterior purpose.

**Section 1129(a)(4)—Payments by Debtors.**

35. The procedures set forth in the Plan for this Bankruptcy Court's approval of the fees, costs, and expenses to be paid in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, satisfy the objectives of, and are in compliance with, section 1129(a)(4) of the Bankruptcy Code.

**Section 1129(a)(5)—Disclosure of Liquidating Trustee and Consistency with the Interests of Creditors and Public Policy.**

36. To the extent known, the Debtors have disclosed the identities and affiliations of the individual proposed to serve, after confirmation of the Plan, as the Liquidating Trustee. The identity and affiliation of the Liquidating Trustee was disclosed in the Plan Supplement, in satisfaction of section 1129(a)(5)(A)(i) of the Bankruptcy Code. Moreover, the Liquidating Trust shall be administered by the Liquidating Trustee in accordance with the Liquidating Trust Agreement and subject to the oversight of the Liquidating Trust Committee. Further, in accordance with section 1129(a)(5)(A)(ii) of the Bankruptcy Code, the appointment of the Liquidating Trustee and the Liquidating Trust Committee is consistent with the interests of creditors and with public policy.

**Section 1129(a)(7)—Best Interests of Holders of Claims and Interests.**

37. The Debtors have demonstrated that the Plan is in the best interests of their creditors and equity holders and the requirements of section 1129(a)(7) of the Bankruptcy Code are satisfied. The evidence in support of the Plan that was proffered or adduced prior to or at the Confirmation Hearing, and the facts and circumstances of the Chapter 11 Cases, establish that each holder of Allowed Claims or Interests in each Class will recover as much or more value under the Plan on account of such Claim or Interest, as of the Effective Date, than the amount such holder would receive if the Debtors were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code.

**Section 1129(a)(8)—Conclusive Presumption of Acceptance by Unimpaired Classes; Fairness of Plan with Respect to Deemed Rejecting Classes.**

38. The Plan has been accepted by all Impaired Classes of Holders of Claims and Interests and the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that are Impaired under the Plan. Therefore, the Plan satisfies the conditions of section 1129(a)(8) of the Bankruptcy Code.

**Section 1129(a)(9)—Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code.**

39. Except to the extent that a holder of a particular Claim has agreed to different treatment, the treatment of Administrative Claims, Professional Fee Claims, DIP Claims, Priority Non-Tax Claims, and Priority Tax Claims under Article 2 of the Plan satisfies the requirements of, and complies in all respects with, section 1129(a)(9) of the Bankruptcy Code.

**Section 1129(a)(10)—Acceptance by at Least One Impaired Class.**

40. The Debtors solicited acceptance of all Impaired Classes under the Plan and, in satisfaction of section 1129(a)(1) of the Bankruptcy Code, gained acceptance of all Impaired Classes entitled to vote thereon.

**Section 1129(a)(11)—Feasibility of the Plan.**

41. Based on the testimony at the Confirmation Hearing, the Phillips Declaration, and any additional documents submitted in support of the Plan Confirmation, the Plan is feasible and is designed to maximize the value of the Estates' assets. Because the Plan and the Liquidating Trust Agreement provide for the liquidation of all of the Debtors' assets, confirmation cannot be followed by any liquidation in addition to that prescribed by the Plan or the Liquidating Trust Agreement, nor would confirmation be followed by the need for further financial reorganization. Accordingly, the Debtor has satisfied its burden to show that the Plan is feasible and that

liquidation of the Debtors satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

**Inapplicable Provisions.**

42. Sections 1129(a)(6), 1129(a)(12), 1129(a)(13), 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code do not apply to the Chapter 11 Cases.

**Section 1191(a) – Consensual Confirmation**

43. Classes 1, 4, 5, 6, and 7 have voted to accept the Plan. Classes 2 and 3 are deemed to accept the Plan. Accordingly, the Plan satisfies the requirements of section 1191(a) of the Bankruptcy Code as all Classes have voted to accept, and can be confirmed.

**Section 1191(d)—Principal Purpose of the Plan.**

44. No party in interest, including, but not limited to, any governmental unit (as defined in section 101(27) of the Bankruptcy Code), has requested that the Court deny Confirmation of the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act, and the principal purpose of the Plan is not such avoidance. All documents necessary to implement the Plan, including the documents contained in the Plan Supplement and all other relevant and necessary documents, have been negotiated in good faith and at arm's length and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements and not in conflict with any federal or state law. Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

**Satisfaction of Confirmation Requirements.**

45. Based upon the foregoing and all other pleadings and evidence proffered or adduced at or prior to the Confirmation Hearing, the Debtors, as proponents of the Plan, have met

their burden of proving all the requirements for plan confirmation set forth in section 1129 of the Bankruptcy Code, as modified by section 1191 of the Bankruptcy Code.

**Good Faith.**

46. The Debtors have proposed the Plan in good faith, with the legitimate and honest purpose of maximizing the value of the Debtors' Estates for the benefit of their stakeholders. The Plan is the product of extensive collaboration among the Debtors and key stakeholders and accomplishes this goal. Accordingly, the Debtors have been, are, and will continue acting in good faith as they proceed to: (a) consummate the Plan and the agreements; settlements, transactions, and transfers contemplated thereby; and (b) take the actions authorized and directed or contemplated by this Confirmation Order. Therefore, the Plan has been proposed in good faith to achieve a result consistent with the objectives and purposes of the Bankruptcy Code.

**Implementation.**

47. All documents and agreements necessary to implement the transactions contemplated by the Plan, including those contained or summarized in the Liquidating Trust Agreement, and all other relevant and necessary documents have been negotiated in good faith and at arms' length, are in the best interests of the Debtors, and shall, upon completion of documentation and execution, be valid, binding, and enforceable documents and agreements not in conflict with any federal, state, or local law. The documents and agreements are essential elements of the Plan and entry into, and consummation of the transactions contemplated by each such document or agreement, is in the best interests of the Debtors, their Estates, and the Holders of Claims and Interests. The Debtors have exercised reasonable business judgment in determining which documents and agreements to enter into and have provided sufficient and adequate notice of such documents and agreements. The Debtors and Liquidating Trustee, as applicable, are

authorized to take any action reasonably necessary or appropriate to consummate such agreements and the transactions contemplated thereby.

## II. **<u>ORDER</u>**

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

48. The Plan attached hereto as **<u>Exhibit A</u>** is CONFIRMED under sections 1129 and 1191 of the Bankruptcy Code, and each of its provisions (whether or not specifically described herein) is approved in its entirety except to the extent modified herein.

49. The Confirmation Order approves the Plan Supplement, including specifically, and without limitation, the Liquidating Trust Agreement and the Schwartz Nightingale Settlement, and authorizes the parties to execute the documents contained therein, as they may be amended by this Confirmation Order or otherwise through and including the Effective Date in accordance with and as permitted by the Plan. The terms of the Plan and the exhibits thereto are incorporated herein by reference and are an integral part of this Confirmation Order; provided that if there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control solely to the extent of such conflict. The Debtors, for themselves and on behalf of the Liquidating Trust, reserve any and all rights as applicable under the Schwartz Nightingale Settlement to compel compliance or otherwise notwithstanding any approval hereunder.

50. The terms of the Plan, all exhibits thereto, and this Confirmation Order shall be effective and binding as of the Effective Date on all parties in interest, including, but not limited to, (a) the Debtors; (b) CrowdStreet; and (c) all Holders of Claims and Interests.

51. The failure to include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, or any related document, agreement, or exhibit does not impair the effectiveness of that article, section, or provision; it being the intent of the Bankruptcy Court that the Plan, the Plan Supplement, and any related document, agreement, or exhibit are approved in their entirety.

### A. Objections.

52. To the extent that any objections (including any reservations of rights contained therein) to Confirmation have not been withdrawn, waived, or settled before entry of this Confirmation Order, are not cured by the relief granted in this Confirmation Order, or have not been otherwise resolved as stated on the record of the Confirmation Hearing, all such objections (including any reservation of rights contained therein) are hereby overruled in their entirety and on their merits.

### B. Findings of Fact and Conclusions of Law.

53. The findings of fact and the conclusions of law set forth in this Confirmation Order constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by the Bankruptcy Court at the Confirmation Hearing in relation to Confirmation, including the Confirmation Ruling, are hereby incorporated into this Confirmation Order. To the extent that any of the following constitutes findings of fact or conclusions of law, they are adopted as such. To the extent any findings of fact or conclusions of law set forth in this Confirmation Order (including any findings of fact or conclusions of law announced by the Bankruptcy Court at the Confirmation Hearing and incorporated herein) constitutes an order of the Bankruptcy Court, it is adopted as such.

**C.  Modifications to the Plan.**

54. The Plan may be amended, modified, or supplemented by the Debtors in a manner provided for by Article 6, Section 6.6 of the Plan, section 1193 of the Bankruptcy Code, or as otherwise permitted by law, without additional disclosure, except as otherwise ordered by the Court. In addition, after the Confirmation Date, so long as such action does not materially and adversely affect the treatment of Holders of Allowed Claims and Interests pursuant to the Plan, the Debtors may remedy any defect or omission or reconcile any inconsistencies in the Plan or this Order with respect to such matters as may be necessary to carry out the purposes or the effects of the Plan.

**D.  Plan Classification Controlling.**

55. The terms of the Plan shall solely govern the classification of Claims and Interests for purposes of the distributions to be made thereunder.

**E.  Transactions and Corporate Action.**

56. The Debtors and the Liquidating Trustee, as applicable, are authorized to take or cause to be taken all corporate actions necessary or appropriate to implement all provisions of, and to consummate, the Plan and all transactions set forth therein, and to execute, enter into, or otherwise make effective all documents arising in connection therewith prior to, on, and after the Effective Date.

57. On the Effective Date, the officers of the Debtors and the Liquidating Trustee, as applicable, are authorized to do all things and to execute and deliver all agreements, documents, instruments, notices, and certificates as are contemplated by the Plan and to take all necessary actions required in connection therewith, in the name of and on behalf of the Debtors.

58. The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Liquidating Trustee, the Debtors, or any officer thereof to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order.

59. The Debtors and the Liquidating Trustee, as the case may be, and their respective officers, members, agents, attorneys, and financial advisors are authorized and empowered from and after the date hereof to negotiate, execute, issue, deliver, implement, file, or record any contract, instrument, release, or other agreement or document related to the Plan, as the same may be modified, amended and supplemented, and to take any action necessary or appropriate to implement, effectuate, consummate, or further evidence the Plan in accordance with its terms and the terms hereof, or take any or all corporate actions authorized to be taken pursuant to the Plan or this Confirmation Order, whether or not specifically referred to in the Plan or any exhibit thereto. To the extent applicable, any or all such documents shall be accepted upon presentment by each of the respective state filing or recording offices and filed or recorded in accordance with applicable state law and shall become effective in accordance with their terms and the provisions of state law.

### F.   The Liquidating Trust and Vesting of Assets in the Liquidating Trust.

60. On or before the Effective Date, the Debtors shall execute the Liquidating Trust Agreement and take all steps necessary to establish the Liquidating Trust.

61. On the Effective Date, each of the Debtors shall transfer and assign the Liquidating Trust Assets to the Liquidating Trust, and such Liquidating Trust Assets shall vest in the Liquidating Trust free and clear of all claims, liens, charges, encumbrances, rights, and Interests except as otherwise specifically provided for in the Plan or herein.

62. For all purposes under the Plan and all documents related thereto, and subject to the terms of the Liquidating Trust Agreement, the Liquidating Trust shall act through the Liquidating Trustee.

**G.  Cancellation of Notes, Instruments, Certificates, and Other Documents.**

63. On the Effective Date, except to the extent otherwise provided in the Plan, all notes, instruments, certificates, and other documents evidencing Claims or Interests, shall be deemed cancelled and surrendered without any need for a Holder of a Claim or Interest to take further action with respect thereto and the obligations of the Debtors thereunder or in any way related thereto shall be deemed fully released, settled, and compromised.

**H.  Approval of Consents and Authorization to Take Acts Necessary to Implement Plan.**

64. This Confirmation Order shall constitute all authority, approvals, and consents required, if any, by the laws, rules, and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan, the Plan Supplement, and any documents, instruments, securities, or agreements, and any amendments or modifications thereto.

**I.  The Releases, Injunction, Exculpation, and Related Provisions Under the Plan.**

65. The releases, injunctions, exculpations, and related provisions set forth in Articles 2 and 6 of the Plan are incorporated herein in their entirety, are hereby approved and authorized in all respects, are so ordered, and shall be immediately effective on the Effective Date without further order or action on the part of the Bankruptcy Court or any other party.

**J.  Treatment of Executory Contracts and Unexpired Leases.**

66. The provisions governing the treatment of Executory Contracts set forth in Article 2, Section 2.4 of the Plan (including the procedures regarding the resolution of any and all disputes concerning the assumption or rejection, as applicable, of such Executory Contracts) shall be, and hereby are, approved in their entirety.

67. Pursuant to sections 365 and 1123(b)(2) of the Bankruptcy Code, the Plan provides for the rejection of all Executory Contracts, except for any Executory Contracts with professionals that have been approved by the Bankruptcy Court, effective as of the Effective Date. The Debtors' determinations regarding the assumption or rejection of Executory Contracts are based on and within the sound business judgment of the Debtors, are necessary to the implementation of the Plan, and are in the best interests of the Debtors, their Estates, Holders of Claims and Interests and other parties in interest in the Chapter 11 Cases.

68. On the Effective Date, except as otherwise provided in the Plan or herein, each Executory Contract shall be deemed automatically rejected by the applicable Debtor as of the Effective Date other than any Executory Contracts that: (a) have been previously assumed, assumed and assigned, or rejected pursuant to a Bankruptcy Court order; (b) are the subject of a motion to assume, assume and assign, or reject such Executory Contract (or a pending filed objection with respect to the proposed assumption, assumption and assignment, or rejection of such executory contract or unexpired lease) that is pending on the Effective Date; or (c) are a contract, release, or other agreement or document entered into in connection with the Plan. This Confirmation Order constitutes approval of such rejections of the Executory Contracts as set forth in the Plan or the Plan Supplement pursuant to sections 365(a) and 1123 of the Bankruptcy Code. Proofs of Claims with respect to Claims arising from the rejection of Executory Contracts must be filed in accordance with the terms of the Plan.

**K.  Provisions Governing Distributions.**

69. The distribution provisions of Article 2 of the Plan shall be, and hereby are, approved in their entirety. Except as otherwise set forth in the Plan or this Confirmation Order, the Liquidating Trust shall make all distributions required under the Plan. The timing of distributions required under the Plan or this Confirmation Order shall be made in accordance with and as set forth in the Plan or this Confirmation Order, as applicable.

70. On the Effective Date, the Liquidating Trust shall be established pursuant to the terms of the Plan and Liquidating Trust Agreement. Ms. Anna Phillips is hereby approved as the initial Liquidating Trustee in accordance with this Confirmation Order, the Plan, and the Liquidating Trust Agreement. The Liquidating Trustee shall be compensated from, and all other costs of administration of the Liquidating Trust shall be paid from, the Liquidating Trust. The Liquidating Trustee shall not be required to post a bond or other security in connection with its obligations under the Liquidating Trust Agreement. Following the Effective Date, only the Liquidating Trustee shall have the authority to file objections to Claims and to settle, compromise, withdraw, or litigate to judgment objections to Claims. The Liquidating Trustee may settle or compromise any Disputed Claim in accordance with the Plan and the Liquidating Trust Agreement.

**L.  Release of Liens.**

71. Except as otherwise specifically provided in this Confirmation Order, the Plan, or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, or executed in connection therewith, to implement the Plan, on the Effective Date, all Liens on any property of any Debtors shall automatically terminate, all property subject to such Liens shall be

automatically released, and all guarantees of any Debtors shall be automatically discharged and released.

**M. Post-Confirmation Notices, Professional Compensation, and Bar Dates.**

72. In accordance with Bankruptcy Rules 2002 and 3020(c), no later than five business days after the Effective Date, the Debtors or the Liquidating Trustee must cause notice of Confirmation and occurrence of the Effective Date (the "Notice of Effective Date") to be posted on the website of the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC ("Epiq"), and served by email or, if email is not available, United States mail, first-class postage prepaid to all parties requesting notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

73. Professionals or other entities asserting a professional fee Claim for services rendered prior to the Effective Date must file an application for final allowance of such professional fee Claim with the Bankruptcy Court no later than forty-five (45) days after the Effective Date. The Bankruptcy Court shall determine the allowed amounts of such professional fee claims after notice and a hearing. The Liquidating Trustee shall pay professional fee Claims that are allowed by Final Order following the Effective Date as provided for in the DIP Loan Documents. The fees of the Subchapter V Trustee shall be treated as professional fee Claims.

74. Except as otherwise provided in the Plan or herein, requests for payment of Administrative Claims must have been Filed and served within thirty (30) days after the Effective Date. Holders of Administrative Claims that were required to file and serve a request for such payment of such Administrative Claims that did not file and serve such a request by the time specified in the Plan are forever barred from asserting such Administrative Claims against the Liquidating Trust, the Debtors, or their property, and such Administrative Claims shall be deemed

discharged as of the Effective Date without the need for any objection from the Debtors, or the Liquidating Trust, or any action by the Bankruptcy Court.

**N.  Notice of Subsequent Pleadings.**

75. Except as otherwise provided in the Plan or in this Confirmation Order, notice of all subsequent pleadings in the Chapter 11 Cases after the Effective Date will be limited to the following parties: (a) the Liquidating Trustee and its counsel; (b) the U.S. Trustee; (c) CrowdStreet; (d) any party known to be directly affected by the relief sought by such pleadings; and (e) any party that specifically requests additional notice in writing to the Debtors or the Liquidating Trustee, as applicable, or files a request for notice under Bankruptcy Rule 2002 after the Effective Date. The Debtors shall provide notice of the foregoing provision in the Notice of Effective Date.

**O.  Section 1146 Exemption.**

76. Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant hereto, whether such action is taken by the Debtors, Liquidating Trust, or any other person, shall not be subject to any document recording tax, stamp tax, conveyance fee intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, sale or use tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment, to the fullest extent contemplated by section 1146(a) of the Bankruptcy Code, and upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers of property without the payment of any such tax, recordation fee, or governmental assessment.

**P.  Preservation of Retained Causes of Action.**

77. Except as otherwise provided in the Plan, the Plan Supplement, the Liquidating Trust Agreement, or this Confirmation Order, or in any contract, instrument, release or other agreement entered into or delivered in connection with the Plan, in accordance with section 1123(b)(3) of the Bankruptcy Code, the Liquidating Trust shall have vested in it as of the Effective Date, and the Liquidating Trust shall retain and may enforce, any claims, demands, rights, defenses and Retained Causes of Action that the Debtors or their Estates may hold against any Entity. The Liquidating Trustee or its respective successors may pursue such retained claims, demands, rights, defenses or causes of action, as appropriate, and may settle such claims after the Effective Date without notice to parties in interest or approval of this Bankruptcy Court.

**Q.  Effectiveness of All Actions.**

78. Except as set forth in the Plan, all actions authorized to be taken pursuant to the Plan shall be effective on, before, or after the Effective Date pursuant to this Confirmation Order, without further application to, or order of the Bankruptcy Court, or further action by the Debtors and their respective officers, managers, or members, and with the effect that such actions had been taken by unanimous action of such officers, managers, or members.

**R.  Binding Effect.**

79. On the date of and after entry of this Confirmation Order and subject to the occurrence of the Effective Date, the terms of the Plan, the final versions of the documents contained in the Plan Supplement, and this Confirmation Order shall be immediately effective and enforceable and deemed binding upon the Debtors, the Liquidating Trustee and any professionals or other parties assisting and supporting the Liquidating Trustee, any and all Holders of Claims or Interests (regardless of whether such Claims or Interests are deemed to have accepted or rejected the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases,

and injunctions described in the Plan, each Entity acquiring property under the Plan or this Confirmation Order, if any, and any and all non-Debtor parties to Executory Contracts with the Debtors. All Claims and Interests shall be as fixed, adjusted, or compromised, as applicable, pursuant to the Plan regardless of whether any holder of a Claim or Interest has voted on the Plan.

80. Pursuant to section 1141 of the Bankruptcy Code, subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Confirmation Order, all prior orders entered in the Chapter 11 Cases, and all documents and agreements executed by the Debtors as authorized and directed thereunder as of the Effective Date shall be binding upon and shall inure to the benefit of the Debtors, the Liquidating Trustee, and their respective successors and assigns.

81. The Plan, all documents and agreements executed by the Debtors in connection therewith, this Confirmation Order, and all prior orders of the Bankruptcy Court in the Chapter 11 Cases shall be binding against and binding upon and shall not be subject to rejection, modification, or avoidance by any chapter 7 or chapter 11 trustee appointed in any of the Chapter 11 Cases.

**S. Distributions and Claims Reconciliation.**

82. On and after the Effective Date, the distributions on account of Allowed Claims and Interests and the resolution and treatment of Disputed Claims pursuant to the Plan are authorized and, without limiting any other provisions of the Plan and this Confirmation Order concerning the powers, duties, and authority of the Liquidating Trustee, the Liquidating Trustee shall be authorized to effectuate such distributions, resolution, and treatment in accordance with the terms of the Plan and the Liquidating Trust Agreement.

**T. Professional Compensation and Reimbursement Claims.**

83. Except as otherwise specifically provided in the Plan, from and after the Effective Date, the Liquidating Trustee shall, in the ordinary course of business and without any further

notice to or action, order, or approval of the Bankruptcy Court, pay in Cash the reasonable and documented legal, professional, or other fees and expenses related to the Chapter 11 Cases that are incurred after the Effective Date. Upon the Effective Date, any requirement that Professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and the Liquidating Trustee may employ and pay any retained professionals in the ordinary course of business without any further notice to or action, order, or approval of the Bankruptcy Code.

**U.  Non-severability of Plan Provisions upon Confirmation.**

84. Notwithstanding the possible applicability of Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Confirmation Order will be effective and enforceable immediately upon its entry. Each term and provision of the Plan, and the transactions related thereto as it heretofore may have been altered or interpreted by the Bankruptcy Court is: (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified except as provided by the Plan or this Confirmation Order; and (c) non-severable and mutually dependent.

**V.  Authorization to Consummate.**

85. The Debtors are authorized to consummate the Plan, including the transactions contemplated thereby, at any time after the entry of this Confirmation Order subject to satisfaction or waiver (by the required parties) of any conditions precedent to consummation, if any. On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101(2) and 1192 of the Bankruptcy Code.

**W. Injunctions and Automatic Stay.**

86. Unless otherwise provided in the Plan or this Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or this Confirmation Order) shall remain in full force and effect until the closing of these Chapter 11 Cases. All injunctions or stays contained in the Plan or this Confirmation Order shall remain in full force and effect.

87. Notwithstanding any provision in this Order, the Plan, the Plan Supplement, or any other plan-related documents: (i) no claim or cause of action of the U.S. Securities and Exchange Commission (the "SEC") against any non-debtor person or entity shall be released, discharged, enjoined or otherwise impaired; and (ii) the SEC may commence and continue any claims, causes of action, proceedings or investigations against any non-debtor person or entity in any appropriate non-bankruptcy forum.

88. The deadline for the SEC to file a proof of claim against the Debtors is extended from January 10, 2024 through February 14, 2024. The SEC has not filed any objection to confirmation of the Plan and the occurrence of the Effective Date on account of the existence of a potential claim.

## X.  Termination of Subchapter V Trustee.

89. In accordance with 11 U.S.C. § 1183(c)(1), the Subchapter V Trustee's services shall automatically terminate upon the Plan's substantial consummation.

90. Not later than fourteen (14) days after the Plan's substantial consummation, the Debtor shall file the notice required under section 1183(c)(2).

## Y.  Effect of Conflict Between Plan and Confirmation Order.

91. In the event of an inconsistency between the Plan and the Plan Supplement, the terms of the Plan shall control. In the event of an inconsistency between the Confirmation Order and the Plan, the Confirmation Order shall control.

## Z.  Retention of Jurisdiction.

92. This Bankruptcy Court shall retain jurisdiction over the Chapter 11 Cases, all matters arising out of or related to the Chapter 11 Cases and the Plan, the matters set forth in Article 6, and other applicable provisions of the Plan.

## AA.        Stay of Confirmation Order Waived.

93. This Order (a) is intended to be a final order such that the period in which an appeal must be filed shall commence upon the entry hereof, (b) shall be immediately effective and enforceable upon the entry hereof, and (c) for good cause shown, based on the record of the Confirmation Hearing, shall not be subject to any stay otherwise applicable under the Bankruptcy Rules, including Bankruptcy Rules 3020(e) and 6004(h).

**Dated: December 14th, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**