**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ONH AFC CS INVESTORS LLC, *et al.*,[1] | Case No. 23-10931 (CTG) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: TBD<br>Objection Deadline: May 2, 2024 at 4:00 P.M. |

**MOTION OF THE LIQUIDATING TRUSTEE FOR ENTRY OF AN ORDER
(I) ENFORCING THE SCHWARTZ NIGHTINGALE SETTLEMENT AND
CONFIRMATION ORDER, (II) ENTERING JUDGMENTS AGAINST THE
SCHWARTZ NIGHTINGALE PARTIES, AND (III) GRANTING RELATED RELIEF**

The Liquidating Trustee, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code"), moves this Court (this "Motion") for entry of an order (A) enforcing (i) the Schwartz Nightingale Settlement and (ii) *Order Confirming Debtors' Amended Small Business Debtors' Joint Plan of Liquidation* [D.I. 214] (the "Confirmation Order"), (B) entering judgments against the Schwartz Nightingale Parties pursuant to the Consent Judgments (defined below) and (C) granting related relief. In support of this Motion, the Liquidating Trustee submits the *Declaration in Support of Motion of the Liquidating Trustee for Entry of an Order (I) Enforcing the Schwartz Nightingale Settlement and Confirmation Order, (II) Entering Judgments Against the Schwartz Nightingale Parties, and (III) Granting Related Relief* filed contemporaneously herewith and respectfully represents as follows:

**JURISDICTION AND VENUE**

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The last four digits of the Debtors' federal tax identification numbers are 1199 (ONH AFC CS Investors LLC) and 6326 (ONH 1601 CS Investors LLC). The Debtors' mailing address is 3445 Peachtree Road, Suite 1225 Atlanta, GA 30326.

*Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2]

2. Moreover, pursuant to paragraph 92 of the Confirmation Order and Article 6.4 of the Plan, the Bankruptcy Court retained jurisdiction over all matters arising out of or related to the Chapter 11 Cases and the Plan, including, among other things, to make such orders as are necessary or appropriate to implement the provisions of this Plan and to resolve any disputes arising from implementation of the Plan.

3. The statutory predicate for the relief requested herein is section 105(a) of the Bankruptcy Code.

## RELEVANT BACKGROUND

*General Background*

1. On July 14, 2023 (the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in detail in the *Declaration of Eric Lee in Support of Chapter 11 Petition and First Day Motions* [D.I. 2] filed on July 14, 2023.

3. On October 16, 2023, the Debtors filed the *Amended Small Business Debtors' Joint Plan of Liquidation* [D.I. 147] (as may be modified, amended, or supplemented from time to time,

---

[2] Pursuant to Local Rule 9013-1(f), the Liquidating Trustee hereby confirms its consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

the "Plan"), which was amended on October 27, 2023 [D.I. 173] and December 11, 2023 [D.I. 202].

4. On December 14, 2023, the Court entered the Confirmation Order confirming the Plan. The Effective Date of the Plan occurred on December 28, 2023 [D.I. 224].

5. On the Effective Date, the Liquidating Trust was established and, in accordance with the Liquidating Trust Agreement, Plan, and Confirmation Order, the Liquidating Trustee was appointed.

***The Schwartz Nightingale Settlement***

6. The Schwartz Nightingale Settlement incorporated into the Plan memorializes the terms of the settlement between the Debtors and the Schwartz Nightingale Parties as set forth in the *Settlement and Conditional Release Agreement* (the "Settlement Agreement")*,* attached as Exhibit 2 to the confirmed Plan. The Confirmation Order, among other things, approved the Schwartz Nightingale Settlement. Confirmation Order, ¶ 49. The Schwartz Nightingale Settlement is an integral part of the Plan and forms the basis of payments to be made thereunder.

7. Pursuant to the Settlement Agreement, the Schwartz Nightingale Parties are required to, among other things, make the Aggregate Repayment Amount (as defined in the Schwartz Nightingale Settlement) to the Liquidating Trust as follows:

> Initial Payment: On the earlier of the closing of the sale contemplated by the Lincoln Place Motion or December 31, 2023, the Schwartz Nightingale Parties shall pay the Debtors the total sum of at least $3,000,000 (which shall be held for the benefit of the Plan Trust pending approval of the Schwartz Nightingale Settlement (the "Initial Payment");
>
> Quarterly Payments: Following the Initial Payment, the Schwartz Nightingale Parties shall pay to the Liquidating Trust the Aggregate Repayment Amount in equal Quarterly Payments (defined below). The Quarterly Payments shall be due and calculated as follows: commencing three calendar months after the Initial Payment, and for three years after the Initial Payment (12 total calendar quarters), the Schwartz Nightingale Parties shall pay the Debtors a Quarterly Payment. The

Quarterly Payment shall be calculated by subtracting the Initial Payment and, if paid, the 1601 Payment from the Aggregate Repayment Amount and dividing the sum by 12 (each a "Quarterly Payment").

8. While the Schwartz Nightingale Parties made the Initial Payment of $3,000,000, they failed to make the first Quarterly Payment which came due on March 31, 2024 and are in breach of the Settlement Agreement. *See* Settlement Agreement, ¶ 9 ("The failure of any Schwartz Nightingale Party to meet any of the deadlines set forth in this Agreement" constitutes a breach or event of default under the Settlement Agreement). Pursuant to paragraph 3(d)(ii) of the Settlement Agreement, "[i]f a Quarterly Payment is not made on the date that it is due, the Schwartz Nightingale Parties shall have ten (10) business days after such date to make such payment, but the Aggregate Repayment Amount shall increase by an amount equal to 1% of the balance of the then unpaid Aggregate Repayment Amount." As of the date of this Motion, more than ten (10) business days have passed and the Schwartz Nightingale Parties have not made the Quarterly Payment nor have they indicated that a payment imminently will be made, or when such payment could be forthcoming.

9. Furthermore, the Schwartz Nightingale Parties have defaulted on a number of provisions in the Settlement Agreement, in addition to the stated payment default. This Motion is one immediately necessary motions that the Trusts anticipates having to make and reserves all rights in connection with additional motions to enforce the Settlement Agreement, Security Agreement, Plan, and Confirmation Order.

10. In connection with the Settlement Agreement, the Schwartz Nightingale Parties executed separate declarations to consent to judgment as directed in favor of the Debtors and Liquidating Trust, which are attached hereto as **Exhibit A** and **Exhibit B** (collectively, the "Consent Judgments"). Pursuant to the Settlement Agreement, the Consent Judgments were to be

held in the event of a failure to pay or other breach of the Settlement Agreement subject to the applicable cure period. Settlement Agreement, ¶ 5. As set forth in the Consent Judgments, the Schwartz Nightingale Parties consent to entry of a judgment for a debt that has come due as a result of a default under the Settlement Agreement and authorize this Court to enter a judgment based on the Consent Judgments. Consent Judgments, ¶ 4.

## RELIEF REQUESTED

11. By this Motion, the Liquidating Trustee seeks relief pursuant to the Bankruptcy Code section 105 for the entry of an order (a) enforcing the Schwartz Nightingale Settlement and the Confirmation Order, (b) entering judgments in accordance with the Consent Judgments, and (c) granting related relief.

## BASIS FOR RELIEF

12. It is well settled that a "Bankruptcy Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders." *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009). Bankruptcy Code section 105(a) also provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code," and that "[n]o provision of [the Bankruptcy Code] providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules....". 11 U.S.C. § 105(a). Further, bankruptcy courts retain "jurisdiction to interpret and enforce settlements and the accompanying orders approving settlements." *See In re Baseline Sports, Inc.*, 393 B.R. 105, 118–19 (Bankr. E.D. Va. 2008); *accord In re Lazy Days' RV Center, Inc.*, 724 F.3d 418, 423 (3d Cir. 2013); *In re Patriot Coal Corp.*, 539 B.R. 812, 818–19 (Bankr. E.D. Mo. 2015).

13. The Schwartz Nightingale Settlement and the Settlement Agreement, which was

attached as an exhibit to the confirmed Plan, were approved pursuant to the Confirmation Order entered by this Court on December 14, 2023. Confirmation Order, ¶ 49. As set forth in the Confirmation Order, the "terms of the Plan and the exhibits thereto are incorporated [] by reference and are an integral part of th[e] Confirmation Order[.]" *Id.* Upon entry of the Confirmation Order, the terms of the Schwartz Nightingale Settlement and Settlement Agreement were immediately effective and enforceable and binding upon the parties thereto. *Id.* at ¶ 79.

14. The enforcement of the Schwartz Nightingale Settlement is necessary and a crucial aspect of implementing the Plan. Indeed, the Aggregate Repayment Amount under the Schwartz Nightingale Settlement constitutes a majority of the funds that would be available for distribution to stakeholders pursuant to the Plan. The Schwartz Nightingale Parties' breach of the Settlement Agreement and failure to pay the amounts due thereunder put those distributions and recoveries to beneficiaries of the Liquidating Trust at risk. Therefore, it is imperative that the Court enforce the Schwartz Nightingale Settlement and enter judgments in favor of the Liquidating Trust pursuant to the terms of the Settlement Agreement and Consent Judgments.

15. The Court has the inherent authority to enforce settlement agreements in a case pending before it. *See Read v. Baker*, 438 F.Supp. 732, 735 (D. Del. 1977). A court may grant summary enforcement if the pleadings and admissions on file, along with any affidavits, show that the moving party is entitled to judgment as a matter of law. *Parker-Hannifin Corp. v. Schlegel Electronic materials, Inc.*, 589 F.Supp.2d 457, 461 (D. Del. 2008). As set forth in the Consent Judgments filed contemporaneously herewith, it cannot be disputed the Schwartz Nightingale Parties are in breach of the Settlement Agreement and that the Liquidation Trustee is entitled to pursue its remedies, including seeking entry of a judgment for the remaining Aggregate Repayment Amount, which is currently calculated as $54,949,935.14. Importantly, the Schwartz

Nightingale Parties consented to entry of such judgments in the event of their breach of the settlement and this Court entering a final judgment in favor of the Liquidating Trust. *See* Consent Judgments, ¶¶ 2-4.

### **NOTICE AND NO PRIOR REQUEST**

16. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the Schwartz Nightingale Parties; and (c) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Liquidating Trustee respectfully submits that no further notice is necessary.

17. No previous request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Liquidating Trustee respectfully request that the Court enter the order substantially in the form attached hereto: (i) enforcing the Schwartz Nightingale Settlement and the Confirmation Order, (ii) entering judgments as set forth in the Consent Judgments, and (iii) granting such other and further relief as is just and proper.

[*Remainder of page intentionally left blank*]

Dated: April 18, 2024
     Wilmington, Delaware

**LANDIS RATH & COBB LLP**

<u>*/s/ Matthew R. Pierce*</u>
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email:  landis@lrclaw.com
          mcguire@lrclaw.com
          pierce@lrclaw.com

- and -

**BAKER & HOSTETLER LLP**

Jorian L. Rose (admitted *pro hac vice*)
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Email:  jrose@bakerlaw.com

Andrew V. Layden (admitted *pro hac vice*)
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801-3432
Telephone: (407) 649-4000
Facsimile: (407) 841-0168
Email: alayden@bakerlaw.com

*Counsel to the Liquidating Trustee*