## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>ONH AFC CS INVESTORS LLC, *et al.*[1]<br><br><div align=center>Debtors.</div> | Chapter 11 (Subchapter V)<br><br>Case No. 23–10931 (CTG)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: January 21, 2025 at 4:00 p.m. ET**<br>**Hearing Date: TBD**<br><br>**Ref. Docket Nos. 287, 288, and 333** |

## MOTION OF SCHWARTZ-NIGHTINGALE PARTIES TO QUASH SUBPOENAS ISSUED BY LIQUIDATING TRUSTEE OF THE ONH LIQUIDATING TRUST

Five Park 3003 LLC, Midnight Capital Partners LLC, The Nightingale Group, LLC, Nightingale Properties, LLC, Nightingale Property Group LLC, One Night Holdings LLC, One Night Properties LLC, The Elchonon Schwartz Family Trust, ES 1 Westend Residence Trust, ES Family Life Insurance Trust, ES ONH Trust, ES28 Investments Trust, ES28 Investments LLC, 1 Westend PA-A LLC, and 320 Mountain Rd. LLC (collectively, the "Entity Targets") and Elchonon Schwartz (together with the Entity Targets, the "Schwartz-Nightingale Parties" or "Movants"), by and through undersigned counsel, hereby respectfully move (this "Motion") this Court to enter an order quashing the subpoenas for rule 2004 examination (each a "Subpoena" and collectively the "Subpoenas"), copies of which are attached hereto as composite **Exhibit A**, that were served on the Schwartz-Nightingale Parties by the Liquidating Trustee of the ONH Liquidating Trust (the "Trustee"). In support of the Motion, the Schwartz-Nightingale Parties respectfully state as follows:

---

[1]    The last four digits of the Debtors' federal tax identification numbers are 1199 (ONH AFC CS Investors LLC) and 6326 (ONH 1601 CS Investors LLC). The Debtors' mailing address is 3445 Peachtree Road, Suite 1225 Atlanta, GA 30326.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2), and Movants confirm their consent pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein is sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2004 and 9016 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 45 of the Federal Rules of Civil Procedure ("FRCP"), and Local Rule 9006-1.

## BACKGROUND

4.      On May 7, 2024, this Court entered the *Order Granting Motion of the Liquidating Trustee for Entry of an Order (I) Enforcing the Schwartz Nightingale Settlement and Confirmation Order, (II) Entering Judgments Against the Schwartz Nightingale Parties, and (III) Granting Related Relief* [D.I. 271] (the "Judgement Order").  The Judgement Order entered a final judgement against Mr. Schwartz and each of the Entity Targets.  *See* Judgement Order at ¶¶ 2-3.

5.      On May 30, 2024, the Trustee initiated a proceeding against Mr. Schwartz and the Entity Targets in the United States District Court for the Southern District of New York to register

2

the judgements contained in the Judgement Order in the Southern District of New York (the "S.D.N.Y. Proceeding").  *In Re: ONH Liquidating Trust v. Schwartz, et al.*, (Case No. 1:24-MC-00247) (S.D.N.Y.).  The Schwartz-Nightingale Parties are not aware of receiving notice of the S.D.N.Y. Proceeding at the time.

6.      On June 21, 2024, the Trustee filed the *Liquidating Trustee's Motion, Pursuant to Bankruptcy Rules 2004 and 7069, for Entry of an Order Compelling Elchonon Schwartz to Appear for Examination and to Produce Documents in Connection Therewith* (the "2004 Motion") [D.I. 287] requesting that this Court enter an order, pursuant to Bankruptcy Rule 2004, commanding Mr. Schwartz to appear for an examination regarding the topics in Appendix A to the proposed order attached to the 2004 Motion (the "Examination Topics") and authorizing the Trustee to issue a subpoena to Mr. Schwartz compelling production of the documents requested in Appendix B to the proposed order attached to the 2004 Motion (the "Document Requests").  The 2004 Motion made no mention of the S.D.N.Y. Proceeding.

7.      On September 19, 2024, the original counsel for the Schwartz-Nightingale Parties filed a motion to withdraw as counsel [D.I. 322], which was granted by the Court on October 2, 2024 [D.I. 323].

8.      On October 15, 2024, this Court entered an order, in the form proposed by the Trustee, granting the 2004 Motion [D.I. 333] (the "2004 Order").  Paragraph 3 of the 2004 Order provided:

> *Subject to the service of a subpoena pursuant to Rule 2004(c) of the Federal Rules of Bankruptcy Procedure, and the exercise of Mr. Schwartz's rights in connection therewith*, Mr. Schwartz is ordered to produce all documents within his custody, possession, or control that are responsive to the documents requested in Appendix B for inspection and/or copying at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111, no later than

DMS_US.368707495.4

fourteen (14) days after entry of this Order, or on such other date or
place as [is] agreed to by the Trustee and Mr. Schwartz.

(emphasis added). Notwithstanding the highlighted language, the Trustee did not initially issue a

subpoena under the 2004 Order. Rather, on November 8, 2024, its counsel sent a letter to Mr.

Schwartz (who was unrepresented at the time) advising him that he was required to produce

information to the Plan Trust pursuant to the 2004 Order and that "the Plan Trust will take all

appropriate actions to enforce all rights under the [2004] Order, including seeking a motion to

compel in the Bankruptcy Court, should it become necessary to do so."

9.      On November 4, 2024, Mr. Schwartz received a letter from Bank of America

indicating it had received a subpoena for his bank records and would respond on November 22,

2024, unless it received a court order directing it not to respond. The letter referenced the case

number of the S.D.N.Y. Proceeding (which was the first time Mr. Schwartz became aware of that

proceeding) and included contact information for the Trustee's counsel in New York. No copy of

this subpoena was provided to the Schwartz-Nightingale Parties, nor was notice of intent to serve

the subpoena in the context of the S.D.N.Y. Proceeding provided to them as required by Fed. R.

Civ. P. 45(a)(4).

10.     On November 18, 2024, shortly after being engaged by the Schwartz-Nightingale

Parties, the undersigned contacted counsel for the Trustee to request copies of any subpoenas that

may have been issued under the 2004 Order. Trustee's counsel said no subpoenas had been issued.

On November 19, 2024, the undersigned provided the Trustee's counsel the letter from Bank of

America and specifically requested a copy of the subpoena that had been issued to Bank of

America in the S.D.N.Y. Proceeding. A copy of that subpoena was not provided until almost a

week later, on November 25, 2024, by which time Bank of America had already responded to it

(despite that it had not been validly issued, given the Trustee's failure to provide the Schwartz-

Nightingale Parties with notice of its intent to serve the subpoena in the context of the S.D.N.Y.

Proceeding).[2]

11.     On or about December 6, 2024, the Trustee served by mail a Subpoena not only on

Mr. Schwartz, but also on each of the fifteen (15) Entity Targets, attaching the 2004 Order and

demanding production of documents set forth in the Document Requests be produced to the

Trustee by January 6, 2025 (the "Compliance Deadline").[3]

## **RELIEF REQUESTED**

12.     By this Motion, the Schwartz-Nightingale Parties respectfully request entry of an

Order (i) quashing the Subpoenas issued to the Schwartz-Nightingale Parties by the Trustee and

(ii) directing that the Schwartz-Nightingale Parties are not compelled to produce any documents

to the Trustee in response to such Subpoenas.  In the alternative, to the extent the Court is not

inclined to quash the Subpoenas (or any of them), the Movants request an extension of the

Compliance Deadline with respect to such Subpoenas until a reasonable time after this Court

renders a decision on this Motion.[4]

## **ARGUMENT**

13.     In seeking discovery pursuant to Bankruptcy Rule 2004, a movant must issue a

subpoena consistent with the requirements of FRCP 45, which is incorporated into Bankruptcy

---

[2]     That subpoena, as well as two others directed to American Express and JPMorgan Chase (notice of intent to serve which had also not been provided to the Schwartz-Nightingale Parties), had been issued on October 25, 2024. Following a meet-and-confer between counsel for the Trustee and the Schwartz-Nightingale Parties, the Trustee withdrew the subpoenas directed to American Express and JPMorgan Chase.

[3]     The Subpoena to ES ONH Trust did not check either the "Testimony" or "Production" box on the form. However, given that the "Production" box was checked on all of the other Subpoenas, the Schwartz-Nightingale Parties presume the Trustee intended this Subpoena to be a subpoena *duces tecum* seeking the same type of documents from ES ONH Trust.

[4]     By operation of Del. Bankr. L.R. 9006-2, the Compliance Deadline shall automatically be extended until the Court acts on this Motion, without the necessity for the entry of a bridge order.

DMS_US.368707495.4

Rule 2004 through Bankruptcy Rule 9016, and issue discovery that comports with the Bankruptcy Rules and the FRCP. *In re McClain Feed Yard, Inc.*, 661 B.R. 136, 139 (Bankr. N.D. Tex. 2024). FRCP 45 sets forth the circumstances under which a court may quash a subpoena. *Tolliver v. Trinity Par. Found.*, No. CV 14-1021-LPS, 2017 WL 3866316 (D. Del. Sept. 5, 2017), *aff'd*, 723 F. App'x 166 (3d Cir. 2018). A subpoena must be quashed if it fails to allow a reasonable time to comply, requires a person to comply beyond the geographical limits, requires disclosure of a privileged or otherwise protected matter if no exception or waiver applies, or subjects a person to an undue burden. Fed. R. Civ. P. 45(d)(3)(A).

14.     To determine whether a subpoena presents an undue burden, courts weigh the following factors: "relevance, the need for the information requested, whether the information can be obtained by other means, burdens the subpoena may impose, the status of the recipient as a non-party, and the costs of compliance." *Rardon v. Falcon Safety Prods., Inc.*, No. 23-1594, 2023 WL 5347298, at *2 (3d Cir. Aug. 21, 2023). When a subpoena issued pursuant to Bankruptcy Rule 2004 imposes an undue burden on the recipient, it should be quashed. *See In re Mathews*, No. 18-MC-153-LPS, 2018 WL 5024167, at *2 (D. Del. Oct. 17, 2018) (quashing subpoenas seeking disclosure of private third-party personal and financial information not related to the bankruptcy case as imposing an undue burden on the recipients).

I.     **The Subpoenas Directed to the Entity Targets Impose an Undue Burden Because the Subpoenas Were Not Authorized By the 2004 Order**

15.     Pursuant to Bankruptcy Rule 2004, "[o]n a party in interest's motion, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Such "motion and order must specify the scope and nature of the examination." 9 Collier on Bankruptcy P 2004.01 (16th 2024).

16.     In order to enforce a party's compliance with a subpoena issued pursuant to Bankruptcy Rule 2004, an order (in addition to the subpoena) is necessary. *In re McClain Feed*

*Yard, Inc.*, 661 B.R. 136 (Bankr. N.D. Tex. 2024).  If a party is not specifically identified in the court's order granting Bankruptcy Rule 2004 discovery, they are not compelled to comply.  *In re Diocese of Buffalo, N.Y.*, 655 B.R. 72, 75-6 (Bankr. W.D.N.Y. 2023) ("Under Bankruptcy Rule 2004, the Court can order the examination only of those identified parties that have been duly allowed the benefit of notice and an opportunity to object.").  Because they are not compelled to comply, the court must quash any subpoena naming a party not specifically identified in the court's order, as enforcing such compliance would necessarily subject that person to an undue burden.  *In re Faiella*, No. 05-50986 (RTL), 2008 WL 1790410, at *5 (Bankr. D.N.J. Apr. 18, 2008) ("Courts have found an undue burden existed where a subpoena should never have been issued."); *Molefi v. Oppenheimer Tr.*, No. 03 CV 5631 FBVVP, 2007 WL 538547, at *3 (E.D.N.Y. Feb. 15, 2007) (finding an undue burden when a subpoenaed party expended time and money contesting a patently frivolous and procedurally flawed subpoena); *Builders Ass'n of Greater Chicago v. City of Chicago*, No. 96 C 1122, 2002 WL 1008455, at *4 (N.D. Ill. May 13, 2002) ("When a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense' within the meaning of Civil Rule 45(c)(1).  It is similarly 'undue' to have to contend with a motion to compel compliance with an illegitimate subpoena.").

17.    Here, through the 2004 Motion, the Trustee sought entry of "an order *compelling Mr. Schwartz* to appear for [an e]xamination regarding the [Examination Topics] . . . [and] an order compelling the production of the [Document Requests] *in Mr. Schwartz's possession, custody, or control*."  2004 Motion at ¶ 14 (emphasis added).  Accordingly, this Court, in the 2004 Order, ordered <u>only</u> Mr. Schwartz to (i) "appear for an examination on the [Examination Topics]" and (ii) subject to the issuance of a subpoena, to "produce all documents within his custody, possession, or control that are responsive to the [Document Requests]".  2004 Order at ¶¶ 2-3.  Nonetheless,

DMS_US.368707495.4

on December 6, 2024, the Trustee served a Subpoena on each of the fifteen (15) Entity Targets commanding that they comply with its Bankruptcy Rule 2004 document requests.  The Trustee's unilateral expansion of the relief granted in the 2004 Order is improper and would impose an undue burden on the Entity Targets if they were required to answer the Subpoenas directed to them. Accordingly, an order quashing those Subpoenas is appropriate.  See *Mathews*, No. 18-MC-153-LPS, 2018 WL 5024167.

II.   **All the Subpoenas Impose an Undue Burden on their Recipients Because They Exceed the Permissible Scope of Rule 2004**

18.    "The allowable scope of examination under Rule 2004 is broad, but remains subject to limitations like the 'pending proceeding rule.'"  *In re Nat'l Risk Assessment, Inc.*, 547 B.R. 63, 65 (Bankr. W.D.N.Y. 2016).  That rule "holds that after the commencement of an adversary proceeding or other contested matter, the parties to that proceeding or matter may no longer utilize the liberal provisions of Bankruptcy Rule 2004, but must seek discovery under [] more restrictive standards."  *Id*. (citing *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr.N.D.N.Y.1996); *In re Washington Mutual, Inc.*, 408 B.R. 45, 50 (Bankr.D.Del.2009)).  Here, before filing the 2004 Motion, the Trustee commenced the S.D.N.Y. Action, naming the Schwartz-Nightingale Parties as defendants.  Despite being able to seek discovery in the S.D.N.Y. Action, and be subject to more restrictive discovery standards, the Trustee chose to pursue discovery against the Schwartz-Nightingale Parties under Bankruptcy Rule 2004.  This is clearly impermissible under the pending proceeding rule, and the Subpoenas issued to the Schwartz-Nightingale Parties pursuant to Bankruptcy Rule 2004 should, accordingly, be quashed.  *Cox v. Summit at Turtle Ridge Cmty. Ass'n*, No. 24-CV-03270-VC, 2024 WL 4504533 (N.D. Cal. Oct. 15, 2024) (holding that a subpoena should be quashed because the pending proceeding rule bars the use of Bankruptcy Rule 2004 subpoenas).

19.     Pending proceeding rule aside, the Subpoenas also seek documents well outside the scope of an examination permitted by Rule 2004, which "may relate *only to* the acts, conduct, or property or to the liabilities and financial condition *of the debtor*, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."  Fed. R. Civ. P. 2004(b) (emphasis added).  The Document Requests do not seek information about *the debtor* as such – rather, and as the Trustee openly acknowledged in the 2004 Motion, they seek information about the Schwartz-Nightingale Parties with a view toward assisting the Trustee in execution of her judgment against them.  This is akin to the document requests at issue in *Mathews*, which were directed at non-debtor trusts and sought information relating to the assets and administration of the trusts.  Finding no nexus to the debtor or her estate, Judge Stark in that case quashed the subpoenas as imposing an undue burden on the recipients.  2018 WL 5024167 at *3 (citing *Matter of Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985) ("It is clear that Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs.").  So too here, the Court should quash the Subpoenas directed to Mr. Schwartz and the Entity Targets.

20.     If the Trustee needs discovery in aid of execution of her judgment against the Schwartz-Nightingale Parties, she is free to take it in the context of the S.D.N.Y. Proceeding she commenced for that same purpose.

## NOTICE

21.     Notice of this Motion will be provided to the Trustee and all parties requesting notice and service of papers in these chapter 11 cases.  Under the circumstances, no other or further notice is necessary or appropriate.

DMS_US.368707495.4

## CONCLUSION

22.    WHEREFORE, the Schwartz-Nightingale Parties respectfully request that this Court (a) enter an order, substantially in the form attached hereto as **Exhibit B**, (i) quashing the Subpoenas issued to the Schwartz-Nightingale Parties by the Trustee and (ii) directing that the Schwartz-Nightingale Parties are not compelled to produce any documents to the Trustee in response to such Subpoenas, and (b) grant the Schwartz-Nightingale Parties such other relief as is just and proper.

Dated: January 6, 2025                    **FAEGRE DRINKER BIDDLE & REATH LLP**

_/s/ Patrick A. Jackson_
Patrick A. Jackson (No. 4976)
Ryan M. Messina (No. 6875)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201
Email: patrick.jackson@faegredrinker.com
           ryan.messina@faegredrinker.com

_Counsel to Elchonon Schwartz, Five Park 3003 LLC, Midnight Capital Partners LLC, The Nightingale Group, LLC, Nightingale Properties, LLC, Nightingale Property Group LLC, One Night Holdings LLC, One Night Properties LLC, The Elchonon Schwartz Family Trust, ES 1 Westend Residence Trust, ES Family Life Insurance Trust, ES ONH Trust, ES28 Investments Trust, ES28 Investments LLC, 1 Westend PA-A LLC, and 320 Mountain Rd. LLC_

DMS_US.368707495.4