IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ONH AFC CS INVESTORS LLC, *et al.*,[1] | Case No. 23-10931 (CTG) |
| Debtors. | (Jointly Administered) |
| | Ref. D.I. 378 |

**ORDER GRANTING LIQUIDATING TRUST'S MOTION FOR ENTRY OF AN ORDER (I) ENFORCING THE CONFIRMATION ORDER, SCHWARTZ NIGHTINGALE SETTLEMENT, AND SECURITY AGREEMENT, (II) APPROVING THE TRUST'S EXERCISE OF VOTING RIGHTS AND THE TRUST ACTING AS ATTORNEY-IN-FACT OF CERTAIN SCHWARTZ NIGHTINGALE PARTIES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the ONH Liquidating Trust (the "Trust"), for entry of an order (this "Order") (I) enforcing the *Order Confirming Debtors' Amended Small Business Debtors' Joint Plan of Liquidation* [D.I. 214] (the "Confirmation Order"), Settlement and Conditional Release Agreement attached to and an integral part of the Confirmation Order (the "Schwartz Nightingale Settlement" the "Settlement" or the "Settlement Agreement"), and the Security Agreement related to the Schwartz Nightingale Settlement and Confirmation Order (together with the Schwartz Nightingale Settlement, the "Agreements"), (II) approving the Trust's exercise of voting rights and appointing the Trust as attorney-in-fact for certain of the Schwartz Nightingale Parties (defined below), and (III) granting related relief [D.I. 378] (the "Motion to Enforce"); and having reviewed the *Objection* by the Schwartz Nightingale Parties to the Motion to Enforce [D.I. 386] (the "Schwartz Nightingale Parties Objection") and the Trust's *Reply* in

---

[1] The last four digits of the Debtors' federal tax identification numbers are 1199 (ONH AFC CS Investors LLC, hereinafter referred to as ONH AFC CS) and 6326 (ONH 1601 CS Investors LLC, hereinafter referred to as ONH 1601 CS). ONH AFC CS and ONH 1601 CS's mailing address was 3445 Peachtree Road, Suite 1225 Atlanta, GA 30326.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Agreement.

support of the Motion to Enforce [D.I. 388] (the "Trust's Reply"); and the Court having held an evidentiary hearing on the Motion on February 5 and 6, 2025 (the "Hearing"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 3 the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given; and good and sufficient cause appearing for the relief requested in the Motion; and the Court having considered the evidence adduced and arguments of counsel at the Hearing; and for the reasons set forth on the record at the Hearing;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. To the extent consistent with applicable law, the Trust is authorized to exercise its voting rights and act as attorney-in-fact under the Security Agreement for the following entities: One Night Holdings LLC, Nightingale Properties, LLC, One Night Properties LLC, ES28 Investments LLC, Nightingale Property Group LLC, The Nightingale Group, LLC, Five Park 3003 LLC, 1 Westend PH-A LLC, 320 Mountain Rd. LLC, Midnight Capital Partners LLC, ES 1 Westend Residence Trust, The Elchonon Schwartz Family Trust, ES28 Investments Trust, ES ONH Trust, and ES Family Life Insurance Trust.

3. To the extent consistent with applicable law, the Trust's authority to act for the foregoing entities described in Paragraph 2 shall include the right to sell or liquidate any assets

owned by these entities, control any account owned by these entities, and take any and all actions in furtherance of these rights.

4. The following Schwartz Nightingale Parties are in default of their obligations under Paragraph 5 of the Settlement Agreement, which constitutes an event of default under Paragraph 9 of the Settlement Agreement: ONH 2226 Third Avenue LLC, 1835 Market Street Partners LLC; 1635 Market Partners LLC; 1500 Spring Garden Investors LLC; NG 1601 Washington Ave LLC; Nitesky Management LLC; ONH Promote LLC; Nightingale Realty, LLC; One Night Philly LLC (the "<u>Judgment Parties</u>").  Pursuant to Paragraph 5 of the Settlement Agreement, and subject to the satisfaction of the condition in paragraph 6 below, the Judgment Parties are directed to sign a consent judgment in the form attached as **Exhibit A** within 5 days of the earlier of (i) agreement between the Trust and Schwartz Nightingale Parties as to the amount thereof, or (ii) this Court's determination of the amount thereof.  The Trust and the Schwartz Nightingale Parties shall confer in good faith to reach agreement on the amount of the consent judgment for purposes of this paragraph.

5. The Schwartz Nightingale Parties are in default of Section 4(f)(viii) of the Settlement Agreement.  Pursuant to Section 4(f)(viii) of the Settlement Agreement, the Schwartz Nightingale Parties are directed to:

   a. Vacate 1 Westend within 30 days of entry of this order; and

   b. Cooperate with the Trust in the marketing and sale of 1 Westend as provided for in the Settlement Agreement, including, without limitation, permitting showings and inspections, provided that Mr. Schwartz shall not be obligated to offer showings or inspections during Shabbat or a Jewish Holiday as defined in the Side Letter, dated May 23, 2024.

6.      As a condition to the Trust's ability to enforce this Order, the Trust is required to pay the Schwartz Nightingale Parties an amount equal to 10% of the net proceeds of the sale of any assets of the Schwartz Nightingale Parties within 30 days of entry of this Order, together with a good faith calculation of such amounts showing in reasonable detail how such amounts have been calculated; provided, however, should there be any dispute over the appropriate calculation of such amounts, such dispute shall be resolved by this Court.

7.      Going forward, the Trust is directed to pay the Schwartz Nightingale Parties an amount equal to 10% of the net proceeds of the sale of any of the Schwartz Nightingale Parties' assets within three business days of receiving such proceeds by the Trust, as provided in Section 4(b) of the Settlement Agreement (or in the event of a sale of 1 Westend, then an amount equal to 10% of the proceeds payable to the Trust from such sale, as provided in Section 4(f)(viii)(2) of the Settlement Agreement).

8.      The Trust is authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

9.      The Court shall retain jurisdiction to (i) enforce and implement the terms and provisions of the Schwartz Nightingale Settlement, Plan, and Confirmation Order and (ii) resolve any disputes arising under or in connection with the foregoing.

10.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: February 27th, 2025
Wilmington, Delaware

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE